Johnson v. Hodges

JOHNSON, PLAINTIFF IN ERROR, v. HODGES.

65  589
43a 341

65  589
49a 257

65  589
73a 655

65  589
167  324

**Practice**: BILL OF EXCEPTIONS. This court will not examine into errors alleged to have occurred during the progress of the trial, where there is no bill of exceptions in the transcript; and it will not regard, as a bill of exceptions, what purports to be such and appears to be signed by the judge, but which does not appear even to have been filed; and the term "filed," as here used, signifies more than a mere indorsement to that effect, and denotes, more especially, an entry made by the clerk upon the record, announcing and evidencing the fact that the bill has been allowed.

*Error to Dent Circuit Court.*—Hon. V. B. Hill, Judge.

*J. R. Arnold* for plaintiff in error.

Sherwood, C. J.—Ejectment for lands in Dent county.—
We are precluded from any examination into the errors
1. PRACTICE: bill alleged to have occurred during the progress
of exceptions. of the trial, as there is no bill of exceptions in
the transcript. There is, indeed, what purports to be a bill
of exceptions, and. it appears to be signed by a judge; but
it does not appear to have ever been filed, either in term
time or vacation. There is nothing, therefore, to authen-
ticate the instrument. In order for a bill to "form a part
of the record of the cause," it must be both signed and
filed. (2 W. S. 1044. § 31.) "The term 'filed,' as above
employed, has a broader signification than the mere indorse-
ment to that effect, and comprehends more especially, in its
proper interpretation, the entry made by the clerk on the
record, by which the fact that the bill has been allowed is
announced and appropriately evidenced." (*Fulkerson v.
Houts,* 55 Mo. 301.) As no error is perceived in the record
proper, we affirm the judgment. All concur.

Affirmed.