POPE, *et al.*, *Plaintiffs in Error* v. THOMSON.

**Bill of Exceptions.** A bill of exceptions must be filed, in order to constitute a part of the record; and this must appear by an entry in the record proper; neither the indorsement of the clerk on the bill of exceptions, "filed," with day and date, nor the statement, by the judge that it is signed, sealed and made part of the record, nor both, will suffice, (*following Fulkerson v. Houts, 55 Mo. 301, and other cases*).

*Error to Morgan Circuit Court.*—HON. GEO. W. MILLER, Judge.

*Stover & Nelson* with *W. S. Pope* for plaintiffs in error.

*Draffen & Williams* for defendants in error.

HENRY, J.—The transcript contains no record proper, except portions incorporated in what purports to be a bill of exceptions. There is nothing to show that the bill of exceptions was ever filed. The court granted leave to plaintiff to file bill of exceptions within sixty days from the 5th of February, 1876, from which it is inferable that it was not filed in term, but when, or whether ever filed no where appears. It does not even appear that the clerk endorsed on the bill of exceptions, "filed." We do not mention this as an act that would authorize us to consider it as a bill of exceptions, but to show that this has less claim to be considered a bill of exceptions, than many of those which have been disregarded by this court. At the

| 66 | 661 |
| 43a | 341 |
| 66 | 661 |
| 44a | 136 |
| 66 | 661 |
| 73a | 655 |
| 66 | 661 |
| 163 | 178 |
| f88a | 246 |
| 66 | 661 |
| 167 | 324 |
| 66 | 661 |
| 174 | 125 |

January term, 1874, two years before this cause was determined in the circuit court, in *Fulkerson v. Houts*, 55 Mo. 302, it was held that the bill "must not only be signed by the judge, but be filed also, during the term of the court at which it is taken." SHERWOOD, J., delivering the opinion of the court, says, also, that "the term 'filed,' as above employed, has a broader signification than the mere indorsement to that effect, and comprehends more especially in its proper interpretation, the entry made by the clerk on the record, by which the fact that it has been allowed is announced and appropriately evidenced." It must appear by an entry of record, in the record proper, that the bill of exceptions was filed. Neither the indorsement of the clerk on the bill of exceptions, "filed," with day and date, nor the statement by the judge that it is signed, sealed and made part of the record, nor both, will suffice. There must be a record entry that it was filed. The case of *Fulkerson v. Houts*, *supra*, has been followed in *Baker v. Loring*, 65, Mo. 527; *Johnson v. Hodges*, 65 Mo. 589, and *Clark v. Bullock*, 65 Mo. 535. Perceiving no error in that portion of the record, which is preserved, all concurring, the judgment is affirmed.

AFFIRMED.