HANSBROUGH, *Executor, et al.*, v. FUDGE *et al., Plaintiffs in Error.*

Entry Nunc Pro Tunc: WHEN ᴍADE. Unless there is something of
    record by which to amend, an entry *nunc pro tunc* cannot be made.
    But where the files of the court, the motion, the entry of its filing,
    its purpose and the entry of similar orders at the same term, in the
    same cause, show that the order was made, a *nunc pro tunc* entry
    may be made.

80   307
122  547
80  307
141  398
142  363

*Appeal from Cass Circuit Court.*—Hon. J. L. Morrison, Special Judge.

Affirmed.

*Comingo & Slover* with *E. H. Fudge* for plaintiffs in error.

Only such judgments and orders as are shown to have actually been made, can be supplied by *nunc pro tunc* entries. *Pockman v. Meatt,* 49 Mo. 348 ; *Saxton v. Smith,* 50 Mo. 490 ; *Dunn v. Raily,* 58 Mo. 136 ; *Jones v. Hart,* 60 Mo. 365 ; *Wooldridge v. Quinn,* 70 Mo. 371 ; *Bilkin v. Rhodes,* 76 Mo. 645. If the court failed to make the order at the April term, 1871, it could not be made as of that date on the 27th of December, 1877. *Hyde v. Curling,* 10 Mo. 360 ; *Priest v. McMaster,* 52 Mo. 62 ; *State v. Jeffors,* 64 Mo. 378. There is no relevant and competent testimony showing that the order was ever made.

*C. W. Sloan* with *Boggess & Moore* for defendants in error.

The *nunc pro tunc* entry was made upon competent and sufficient evidence. *Gibson v. Chouteau,* 45 Mo. 171; *Lexington R. R. Co. v. Mockbee,* 63 Mo. 348, and authorities cited by counsel for plaintiffs in error.

Sherwood, J.—The only question for determination in this cause, is the correctness of the ruling allowing the entry to be made *nunc pro tunc* of an order alleged to have been made, transferring the unfinished business in the above cause from the hands of Dale, former sheriff, into the hands of Briant, then sheriff, for completion. This cause was a partition proceeding; the unfinished business referred to being in part the collection of two promissory notes executed by Bills, who purchased the lands sold,

having Fudge as his surety. Hays was the sheriff who conducted the sale in April, 1859. Hays went out of office in 1862, not having collected the notes, or having performed other business relating to the partition proceedings.

In April, 1869, Dale, then sheriff, was ordered by the court to take in charge and complete the unfinished business aforesaid. On the 18th day of April, 1871, the plaintiffs herein filed their motion to have a similar order of transfer made of such business from Dale to Briant, then sheriff.

The record shows the filing of this motion and its contents and purpose; but no entry was made of an order, as prayed in the motion.

The doctrine of this court unquestionably is that you cannot, without something of record to amend by, have an entry *nunc pro tunc.* This basis is furnished in the present instance. The files of the court, the motion, the entry of its filing, and its purpose, and the entries made by the court two days after the filing of the motion, and at the same term in the same cause, consisting of an order containing many recitals as already set forth, as well as a recital that on the 18th day of April, 1871, (the same day the motion aforesaid was filed), the court had made an order of record requiring and commanding that the unfinished business, etc., be transferred to A. C. Briant, present sheriff, etc., and the order also commanded Briant, as such sheriff, to make a deed, etc., to certain real estate. A similar order was, also, made on the same day, as the one just mentioned, and in the same cause, and containing a similar recital as to Briant and a command to execute a deed, etc.

For these reasons it must be held that an ample foundation was furnished for the entry, now for then, which the court ordered to be made; one in entire accord with our rulings heretofore. All concur.