T. S. CUNNINGHAM ET AL., Respondents, *v.* E. WELLS ET
AL., Appellants.

June 17, 1884.

NUNC PRO TUNC ENTRIES — BILLS OF EXCEPTIONS. — A *nunc pro tunc* entry
of the allowance of a bill of exceptions can not be made at a subse-
quent term where no paper or memorandum in the cause shows the
facts.

APPEAL from the St. Charles Circuit Court, EDWARDS, J.
*Affirmed.*

HENRY R. WATSON, for the appellants.

C. DAUDT, for the respondents.

THOMPSON, J., delivered the opinion of the court.

This was an action of ejectment. The plaintiff had a
judgment at the March term, 1882, and a motion for a
new trial was made and continued until the following Sep-
tember term, 1882. At the September term the motion
for a new trial was overruled. No entry of record was
made of the signing of a bill of exceptions, either at the
March term, or at the September term. At the Septem-
ber term, 1883, the defendants made a motion for the
entry of an order *nunc pro tunc* as of the September term,
1882, allowing and signing their bill of exceptions. The
court granted the motion as appears by an entry made
upon the minutes of the court and copied into the tran-
script, and as also appears by a bill of exceptions to the
order granting the motion taken by the plaintiff Daudt.
This bill of exceptions recites the filing of the motion
for the *nunc pro tunc* entry on the 22d of September,
1883; the appearance of the plaintiff Daudt for the sole
purpose of objecting thereto; the overruling of his
objections and his exception taken at the time. The
bill of exceptions thus taken by the plaintiff Daudt thus

recites : " And the court then and there, without any other evidence being submitted to said court except the bill of exceptions signed by the judge of said court of blank date sustained the motion for a *nunc pro tunc* entry," etc. The defendant's bill of exceptions, as incorporated into the transcript does not show the date at which it was allowed and signed by the judge, nor does it give any intimation thereof, either in its caption or in its conclusion. It shows that the proceedings, from the commencement of the trial down to and including the filing of the defendant's motion for new trial, took place at the March term, 1882. It also shows that the motion for new trial was overruled, " on the day of    , 1882," but the concluding part of the bill of exceptions contains no statement of the date at which it was allowed and signed.

It thus appears that the judge made this entry *nunc pro tunc* from his own recollection of what had taken place at a term a year before. In the language of the supreme court in a recent case, " this it was not competent for him to do, on a motion, *nunc pro tunc*, at a subsequent term. The record and entries before him certainly do not show the facts. Unless the facts do in some way appear by the record, or some entry or paper in the cause, *nunc pro tunc* entries are not allowable. They can not be made from outside evidence, or from facts existing alone in the breast of the court, at a subsequent term." *Belkin* v. *Rhodes*, 76 Mo. 643, 650. It is clear, therefore, that the defendants' bill of exceptions can not be considered, as there is no competent evidence of record that it was allowed and signed at a term of court at which it could be allowed and signed by law. Even if the bill itself had shown the date at which it was signed this would not have been sufficient. An entry by the clerk on the record showing the fact that it had been allowed would have been necessary; for this is held to be what the statute means in requiring the bill of exceptions to be " filed." *Fulkerson* v. *Houts*, 55 Mo. 301 ; *Johnson*

v. *Hodges*, 65 Mo. 589; *McGrew* v. *Foster*, 66 Mo. 30; *Pope* v. *Thomson*, 66 Mo. 661. As no ground of error is suggested, except such as is raised by this bill of exceptions, the judgment must be affirmed. It is so ordered. All the judges concur.