WILLIAM TAYLOR, Respondent, v. J. W. SCOTT, Appellant.

### St. Louis Court of Appeals, May 17, 1887.

1. ARBITRATION—AWARD CONCLUSIVE.—The award of arbitrators appointed under the statute is conclusive against the parties to the submission, subject only to the grounds of objection specified in the statute.

2. PRACTICE—AFFIRMANCE.—The judgment will be affirmed with ten per cent. damages where the appeal is without merit.

APPEAL from the Laclede County Circuit Court, W. J. WALLACE, Judge.

*Affirmed with ten per cent. damages.*

J. T. MOORE, for the appellant.

JAMES MORAN, for the respondent.

THOMPSON, J., delivered the opinion of the court.

This action was brought to recover the sum of five hundred and twenty-five dollars, alleged to be due on a bank check, given by the defendant to the plaintiff, which check had been dishonored and protested. The answer set up, substantially, that, by reason of certain partnership transactions between the plaintiff and the defendant, nothing was due on the check, but a balance, in excess of the amount of the check, was due from the plaintiff to the defendant, for which the defendant asked

judgment. While the cause was depending in court, the parties agreed, in writing, to submit the whole controversy to two arbitrators, naming them. The arbitrators met, were duly sworn, gave notice to the parties, and, after several continuances, to accommodate the parties, proceeded with the hearing of the cause, from day to day, during a good many days. They then gave the parties ample time to prepare for argument, heard them in argument at very considerable length, took a considerable time to prepare their award, and finally delivered their award, by which they found that the sum of $365.55, was due from the defendant to the plaintiff. The award was signed by the arbitrators and attested by two subscribing witnesses. The whole proceeding appears to have been conducted in careful conformity with the statute, relating to arbitration. The statutory notice having been given to the defendant, that the plaintiff would move the court for judgment on the award, the defendant appeared and filed a motion to set aside the award, on several grounds, which may be summarized as follows : That the arbitrators made a gross miscalculation of figures ; that they admitted illegal evidence ; that the award contained gross mistakes ; and asking that the matter be referred back to the arbitrators for correction. In support of this motion, two affidavits were filed ; one of an expert book-keeper, and the other of a person who had been a book-keeper for the defendant ; and also a petition of one of the arbitrators, who had been persuaded, subsequently to the award, that there might possibly be some mistake in it, and who desired to have it referred back to the arbitrators for correction. The court overruled this motion, and entered judgment for the plaintiff, in conformity with the terms of the award ; from which judgment this appeal is prosecuted by the defendant.

I. The only question for decision is, whether the court erred in entering judgment upon the award. It is clear of all doubt that the court did not so err. Ac-

cording to the decision of this court in *Mitchell v. Curran* (1 Mo. App. 455), "there are five grounds, and only five, upon which the court will set aside an award. These are: (1) The insufficiency of the award. That means that it was not certain, final, or mutual; that it does not embrace all matters submitted to the arbitrators; or that it does embrace matters not submitted to arbitration. (2) A mistake, in fact or law, apparent on the face of the award. (3) Irregularity of the arbitrators in their proceedings: as a refusal or neglect to examine witnesses, or in not giving notice of the meetings. (4) Corruption, or misbehavior, of the arbitrators. (5) Fraud, or concealment of evidence, by the parties obtaining the award."

The only one of these grounds, upon which the award in the present case is challenged, is the second, that of a mistake in fact or law. It is sufficient to say, upon this point, that no such mistake is apparent upon the face of the award, and that neither affidavits, nor any other species of extrinsic evidence is admissible to show such a mistake. Arbitrators are not referees; their rulings upon questions of evidence are not subject to review in any tribunal, nor are their errors, errors of fact or law, not apparent on the face of the award, subject to correction. They are a tribunal chosen by the parties, themselves, to settle their controversy; they are made, by the agreement of the parties, final and conclusive judges of all questions of law and of fact, within the terms of the submission; and hence, except as above stated, their awards are not subject to review or impeachment. *Valle v. Railroad*, 37 Mo. 451; *Bridgman v. Bridgman*, 23 Mo. 272; *Reily v. Russell*, 34 Mo. 527; *Squires v. Anderson*, 54 Mo. 197.

The petition of the arbitrator, submitted in support of the motion to set aside the award, amounted to nothing. It did not show, or attempt to show, that the arbitrators had made any mistake, of law or of fact, in their award; and if it had been shown this, it would not have been

competent evidence to impeach the award. On grounds of public policy, the affidavit of an arbitrator, like that of a juror, will not be received for the purpose of impeaching his own award (*Ellison v. Weathers*, 78 Mo. 125); and, for stronger reasons, his unsworn petition will not be so received.

II. We might have disposed of this case on the ground that there is no bill of exceptions, such as an appellate court can recognize; but, as the respondent has not made any objection touching the state of the record, we have preferred to consider the matter as though the bill of exceptions had been properly framed and properly embodied in the record. The matters, which are parts of the record proper, and those which, if matters of exception at all, can only be made so by being embodied in the bill of exceptions, are mingled together, from the caption of the record to its conclusion, and there is nothing to show where the record proper ends, or where the bill of exceptions begins. If the whole record is to be regarded as embodied in the bill of exceptions, then there is no record; for a bill of exceptions does not attest itself. There must be a record entry, *outside* of the bill of exceptions, showing that it was both signed and filed. *Fulkerson v. Houts*, 55 Mo. 301; *Johnson v. Hodges*, 65 Mo. 589; *Pope v. Thomson*, 66 Mo. 661.

We are asked to give damages for a frivolous appeal. The slightest attention to the decisions, in this state, touching the conclusiveness of the award of arbitrators, would have convinced counsel for the defendant of the hopelessness of sustaining an appeal from the judgment of the circuit court in this case. We are, therefore, justified in concluding that the appeal is prosecuted for delay, merely. It is, in our opinion, so clearly without merit, that the judgment ought to be affirmed, with damages.

It is ordered that the judgment be affirmed with ten per cent. damages. Judge Rombauer concurs. Judge Lewis is absent.