B. S. WILLIAMS & Co., Plaintiffs in Error, v. CLEMENT
A. KITCHEN, Defendant in Error.

St. Louis Court of Appeals, January 27, 1891.

1.   Practice, Appellate : WRIT OF ERROR SUED OUT IN A FIRM-NAME.
When proceedings are prosecuted and judgment is taken in the
trial court in a firm-name without objection, a writ of error may
be sued out in the same name, especially when the record fails to
show whether the name was used to designate a corporation,
copartnership, or an individual doing business under such firm-
name.

2.   ———— : BILL OF EXCEPTIONS.  A bill of exceptions need not be
sealed, but it must be properly signed, and the record must show
that it was filed.

*Error to the Stoddard Circuit Court.*—HON. JOHN G.
WEAR, Judge.

REVERSED AND REMANDED.

*Houck & Keaton* and *W. H. Clopton*, for plaintiffs
in error.

The points made by defendant in error in regard to
the bill of exceptions are not well taken.   The recital of
the record that the bill of exceptions was filed is suffi-
cient, if it was then signed by the judge under the act of
1885.   The filing of a paper is the actual delivery to
the clerk.   *Grubbs v. Cones*, 57 Mo. 83.   The seal of
the judge is not required.   Acts of 1885.

*Sol. G. Kitchen* and *H. A. Loevy*, for defendant in
error.

( 1 )   The writ of error is sued out in the name of a
firm, which invalidates it.   A judgment in favor of
plaintiffs in error as a firm would be erroneous.   *Fowler
v. Williams*, 62 Mo. 403 ; *Davis v. Kline*, 76 Mo. 312.

And it cannot be amended as the law does not authorize an amendment. (2) There is no bill of exceptions in the record. There is no order of court allowing the alleged bill, or ordering it made part of the record. *Fulkerson v. Houts*, 55 Mo. 302; *Roesler v. Bank*, 88 Mo. 565; R. S. 1889, sec. 2167. There is no record entry outside of the alleged bill, showing it was signed by the judge of the court. *Taylor v. Scott*, 26 Mo. App. 252; *State v. Heatley*, 21 Mo. App. 484. The private seal of the judge of the court is not affixed to the alleged bill. *Pope v. Thompson*, 66 Mo. 661.

ROMBAUER, P. J.—This cause was here formerly on appeal, and is reported in 40 Mo. App. 604. We dismissed the appeal, because the record failed to show that an appeal had ever been allowed in the case, whereupon the plaintiff upon our suggestion has brought the case here by writ of error.

The error assigned is that, upon the conceded facts of the case, the plaintiff was entitled to judgment as a matter of law. The suit is upon a promissory note, the execution whereof is not denied; nor is any defense whatever interposed, except that it was one of two notes given in the same transaction, maturing at different periods, and that the note last maturing was first sued upon and paid. That this is unavailable as a defense of former adjudication, we intimated upon the former appeal; and we are now prepared so to decide, unless we are again prevented from doing so by technical obstacles which the defendant urges.

The claims thus advanced by the defendant in error are, that the writ of error should be quashed, because sued out by B. S. Williams & Co., and that the judgment should be affirmed because there is no bill of exceptions in the record, and, as the action was one instituted before a justice of the peace, the record proper does not show a conclusive right of recovery in the plaintiffs. We might dispose of both these claims

by stating that there is neither a motion to quash the writ of error, nor a motion to affirm filed in this case by defendant in error, as required by rule 2 of this court, and thus offset one technicality by another. We are prepared to say, however, that even if such motions were filed in proper form they ought not to be sustained, for the following reasons :

I.   There is nothing in the record to show whether B. S. Williams & Co. is a copartnership, or a corporation, or an individual doing business in that name. The proceedings throughout have been conducted in that name. The note is so payable, so sued, and so recovered upon. No objection was made to the proceeding on that account at any time. A judgment made in favor of a firm by its firm-name is not void ( *Fowler & Wild v. Williams*, 62 Mo. 403 ; *Davis v. Kline*, 76 Mo. 310); and why the suing out of a writ of error in the same name in which the judgment was rendered, particularly in the absence of all evidence that it is not the true and full name of the party, should be void is not apparent.

II.   The record proper makes the following recital :

"September term, 1889. Wednesday, November 20, 1889, the ninth day of the term.

"B. S. Williams & Co., Plaintiffs,
      *vs.*
"Clement A. Kitchen, Defendant. } Appeal from Justice Court.

"Now comes the plaintiff by its attorney, and files an appeal bond herein and also bill of exceptions. (The paper purporting to be a bill of exceptions is then copied in the transcript and concludes as follows: The plaintiff prays the court to allow and sign this bill of exceptions and . that the same may be signed and made part of the record, which is done this twentieth day of November, A. D. 1889.)

"John G. Wear,
"Judge of the Stoddard Circuit."

The statute of 1885, which was in force when this suit was brought, and the bill herein was signed, provides : "Every bill signed by the judge or bystanders and filed in court, *or with the clerk thereof in vacation*, shall form a part of the record of the cause in which it was filed." The only change made by this statute in the law, as it existed prior to this enactment, is the insertion of the words italicized above. As the bill in this case was filed in term time, it is not affected by the change in the law one way or the other. We said in *Taylor v. Scott*, 26 Mo. App. 249, that "a bill of exceptions does not attest itself. There must be a record entry outside of the bill of exceptions showing that it was both signed and filed." In that case there was no bill of exceptions. What purported to be one was a collection of statements and papers copied indiscriminately into the transcript, without a recital of any kind in the record, showing that a bill of exceptions had ever been allowed, signed or filed. The decision of the case by us was unquestionably correct, although the language used, when taken as a statement of a general proposition, was too broad.

The cases of *Fulkerson v. Houts*, 55 Mo. 301 ; *Baker v. Loring*, 65 Mo. 527 ; *Johnson v. Hodges*, 65 Mo. 589 ; *Pope v. Thomson*, 66 Mo. 661, and *Roesler v. Bank*, 88 Mo. 565, go no further than to hold that, in the absence of a record entry, showing the filing of a bill of exceptions, the appellate court cannot treat a paper purporting to be one as a legally authenticated bill. When it appears of record, as it does in this case, that a bill of exceptions has been filed, we can look to the paper, filed as such a bill, to ascertain whether it is properly authenticated.

There is no merit in the objection that the bill of exceptions in this case is not sealed. It was customary at common law to seal such bills, and many judges still adhere to that practice out of abundant caution. But the statutes of this state do not require a seal in the

attestation of a bill of exceptions, and, as far as we are aware, never did.

In absence of any affirmative defense, the plaintiff was entitled to judgment.

The judgment is reversed and the cause remanded to be proceeded with in conformity with this opinion. All the judges concurring, it is so ordered.