Ross v. K. C., Ft. S. & M. R. R. Co.

Ross *et al.* v. KANSAS CITY, FORT SCOTT & MEMPHIS RAILROAD COMPANY, *Appellant.*

In Banc, November 16, 1897.*

1. **Overruling Motion for New Trial:** NO EXCEPTIONS. Unless an exception be taken and preserved by bill of exceptions to the action of the court in overruling a motion for a new trial, there is nothing before the Supreme Court for review except the record proper.

2. **Correcting Record:** NUNC PRO TUNC. In order to justify the trial court in correcting its record entries, the record itself must in some way show, either from the judge's minutes, the clerk's entries, or some other paper in the case, the facts authorizing such correction. No such corrections can be made from the memory of the judge, nor on parol proof derived from other sources.

3. **Exceptions:** PRACTICE. An exception to the action of the trial court in overruling a motion for a new trial is no part of the record in a cause unless made so by the bill of exceptions.

4. ———: ———: TECHNICAL EXCEPTIONS. The defect in a bill of exceptions which does not show that appellant excepted to the action of the trial court in overruling his motion for a new trial, is not a mere technical one, is not simply a formal matter, but like any other matter of exception the bill can not be considered by this court unless the record shows, in some way, that the exception was made and saved at the time. Unless such exception were made the appellant has no bill of exceptions before this court, and in such case, if no error appears in the record proper, this court will order the judgment affirmed.

5. ———: ———: EVIDENCE: AFFIDAVITS. Affidavits are not competent evidence to show that the appellant excepted to the action of the trial court in overruling his motion for a new trial. In order to justify the trial court in signing the bill of exceptions, something must appear in the record of the cause—either in the bill itself or in the judge's minutes, the clerk's entries, the stenographer's notes, or some paper in the case—that such exception was made and saved at the time.

---

*NOTE.—Decided in Division Two, February 2, then transferred to Court *in banc*, and the opinion handed down in Division Two, there affirmed November 16, 1897.

*Appeal from Barton Circuit Court.*—HON. D. P. STRATTON, Judge.

AFFIRMED.

*H. C. Timmons* for respondent.

(1) Defendant having made no objections nor taken any exceptions to the action of the court in overruling its motion for a new trial, there is nothing before this court for review but the record proper. R. S. 1889, sec. 2302; *State v. Murray*, 126 Mo. 526; *Danforth v. Railroad*, 123 Mo. 196; *Wentzville Tobacco Co. v. Walker*, 123 Mo. 662; *Ryan v. Growney*, 125 Mo. 474; *State v. Gilmore*, 110 Mo. 1; *Taylor v. Switzer*, 110 Mo. 410; *State v. Harvey*, 105 Mo. 316; *State ex rel. v. Hitchcock*, 86 Mo. 231; *McIrvine v. Thompson*, 81 Mo. 647.

*Wallace Pratt, I. P. Dana* and *J. C. Cravens* for appellant.

(1) The circuit court of Barton county erred in rejecting the affidavits filed by appellant in that court on October 24, 1896, in support of its motion to amend the bill of exceptions, and in refusing to allow said amendment to be made. But the court having, in effect, found the facts stated in said motion and affidavits to be true, there can be no sort of doubt remaining that an exception was in fact taken at the time, to the action of the circuit court in overruling defendant's motion for new trial; and this court will now treat the cause as though said amendment had been allowed. *Baker v. Railroad*, 122 Mo. 533; *State v. Howell*, 117 Mo. 310; *Hansbrough v. Fudge*, 80 Mo. 308; *Darrier v. Darrier*, 58 Mo. 222; *DeKalb County v. Hixon*, 44 Mo. 342. (2) It is idle to say that because there was no

written evidence upon the court's docket or upon the record or in the judgment roll that an exception was taken at the time, that therefore the bill can not be amended. The law does not require such entries or minutes to be made. And the affidavits conclusively show that it has never been the practice of the trial court to note or cause to be noted such things. And to say that proof of the fact of such exception being taken, can only be shown by the record of a matter that is not properly the subject of record, although it is found to be conclusively proved, is absurd and amounts to a denial of justice. It would prostitute the courts into mere engines of oppression and wrong. *Hansbrough v. Fudge*, 80 Mo. 308. (3) But it is insisted that there was nothing to amend by. There might be some reason in that contention if no bill of exceptions whatever had been filed. But the record proper shows one was filed. It is full and complete in all respects except the omission of the words "And defendant duly excepted" immediately following the mention of the overruling of defendant's motion for new trial. *Hammer v. McConnell*, 2 Ohio St. 31; *Bank v. Minthorne*, 19 Johns. 243; *Chichester v. Cande*, 3 Cow. 39, and note a; *Welch v. Damon*, 11 Gray, 383. (4) The defect in original bill of exceptions is purely technical, and involves a mere formal matter, and ought to be disregarded by the court under the undisputed facts in this case. *Cunningham v. Wells*, 16 Mo. App. 78. (5) Courts may always at subsequent terms set right mere matters of form, or correct misprisions, or mere clerical errors so as to conform the record to the truth. *Bank v. Allen*, 68 Mo. 474; *Rockwell v. Carpenter*, 25 Hun. 531; *Gibbald v. U. S.*, 37 U. S. 492; *Bank v. Wister*, 3 Pet. 431; *Hickman v. Barnes*, 1 Mo. 156; *Pockman v. Meatt*, 49 Mo. 348; *Loring v. Groomer*, 110 Mo. 639. (6) According to several decisions of this court, if no exception to the

overruling of a motion for new trial is noted in the bill
of exceptions, such exception, if any was taken, will be
presumed by this court to have been waived, but in
none of the cases so decided was there any effort to
amend the bill in the trial court in accordance with the
facts. *Danforth v. Railroad*, 123 Mo. 196; *State v.
Murray*, 126 Mo. 526. (7) A true and just interpre-
tation of section 2302 of present Revised Statutes 1889
does not sustain former decisions of this court which
hold that the bill of exceptions must show affirmatively
that an exception was taken to the action of the trial
court in overruling a motion for new trial.

## IN DIVISION TWO.

BURGESS, J.—Plaintiffs, who are the only minor
children of James Ross, deceased, recovered judgment
against the defendant in the circuit court of Barton
county in the sum of $5,000, by reason of the alleged
negligence of defendant, its servants and employees in
the management and control of one of its trains of cars
in running it over and killing deceased without any
negligence upon his part contributing directly thereto.

Defendant appealed.

The bill of exceptions does not show that defend-
ant excepted to the action of the court in overruling its
motion for a new trial, and in order to correct the bill
in this regard especially, this court, on the application
of defendant, did on the twenty-first day of October,
1896, make an order directed to the circuit court of
Barton county, commanding and directing it, "that if
the bill of exceptions filed by appellant in said cause
does not in fact show on its face that appellant took
and saved exceptions to the action of the circuit court
in overruling appellant's motion for a new trial, then
that said circuit court cause the same to be amended so

as to show that appellant did take and save such exceptions, provided said circuit court shall find from competent evidence that such exceptions were in fact taken and saved by appellant."

In pursuance of said order defendant on the twenty-fourth day of October, 1896, filed its motion to correct and amend said bill of exceptions so as to show that it did in fact except at the time to the ruling of the court in overruling its motion for a new trial, and upon a hearing of said motion by the court in pursuance of said order, defendant offered in evidence in support thereof the affidavits of several different persons including members of the bar, which showed that defendant by its counsel did in fact except at the time to the ruling of the court in overruling its said motion for a new trial, but which said affidavits were upon motion of plaintiff stricken out and excluded from the consideration of the court over the objection and exception of defendant. The court then overruled defendant's motion to correct the bill, but stated in its return to said order the following:

"But the court further says and returns to the Supreme Court that, except for its ruling in excluding said affidavits on the account of incompetency, it would have found therefrom the facts therein set forth to be true, and would have sustained defendant's motion to amend its said bill of exceptions. The court finds from an inspection of the defendant's bill of exceptions that it does not appear on the face thereof that defendant took or saved any exception to the ruling of the court in overruling its motion for new trial."

Defendant now insists that the court erred in rejecting the affidavits filed by it in support of its motion to amend the bill of exceptions, and in refusing to allow said amendment to be made. But that as it in effect found the facts stated in said motion and affidavits to

be true, that this court should now treat the cause as though said amendment had been allowed.

It has been uniformly held by this court that unless an exception be taken and preserved by bill of exceptions to the action of the court in overruling a motion for a new trial, there is nothing before the Supreme Court for review, save and except the record proper. *State v. Murray*, 126 Mo. 529; *The State ex rel. Dopkins v. Hitchcock*, 86 Mo. 231; *Wilson v. Haxby*, 76 Mo. 345; *Danforth v. Railroad*, 123 Mo. 196; *State v. Harvey*, 105 Mo. 316; *McIrvine v. Thompson*, 81 Mo. 647; *State v. Marshall*, 36 Mo. 400.

Therefore, unless the court below erred in overruling the motion to correct the bill, and this court should under the evidence adduced treat it as having been corrected, defendant is in no better position than it was under the bill when first filed with the clerk of this court, having gained nothing by its effort to have the bill corrected.

The question of the power and authority of a circuit court to correct its record by *nunc pro tunc* entries has been many times before this court, and the rule announced seems to be that in order to justify it in so doing the record must in some way show, either from the judge's minutes, the clerk's entries, or some paper in the cause, the facts authorizing such entries. No such entries can be made from the memory of the judge, nor on parol proof derived from other sources. *State v. Jeffors*, 64 Mo. 378; *Bank v. Allen*, 68 Mo. 476; *Belkin v. Rhodes*, 76 Mo. 650; *Saxton v. Smith*, 50 Mo. 490; *Fletcher v. Coombs*, 58 Mo. 434; *Wooldridge v. Quinn*, 70 Mo. 370; *Blize v. Castlio*, 8 Mo. App. 294; *Evans v. Fisher*, 26 Mo. App. 546.

The action of the court in overruling a motion for new trial is a matter of exception, which exception is no part of the record in the cause in which made unless

made so by bill of exceptions. No entry of record is made with respect to such an exception nor does it appear that any memoranda was made by the judge on his docket in this instance showing, or tending to show, that defendant saved its exceptions to the ruling of the court in overruling the motion for a new trial. So that, unless parol evidence can be resorted to for facts authorizing the correction of the record, there was nothing whatever to justify the court in so doing, and this, we have seen, could not be done.

In *State v. Jeffors, supra,* it is said: "The power possessed by courts to make *nunc pro tunc* entries in a cause, after the end of the term, does not authorize the entry of an order which ought to have been made, but only those which were actually made, the evidence of which is preserved by some minute made at the time. Evidence *aliunde* can not be resorted to for such purpose. To allow such entries to be made on facts resting in the mere memory of witnesses, and their statements as to what occurred, would be to establish a rule which would breed the utmost confusion and uncertainty, and make courts of record everything except what the law intends them to be. Neither can such entry be made after the end of the term upon the knowledge of the judge himself. . . . . . . . Inasmuch as the record was attempted to be amended upon the statement of witnesses and the knowledge of the judge, after the end of the term, the motion of plaintiff for a *nunc pro tunc* entry ought to have been overruled."

*Wooldridge v. Quinn, supra; Saxton v. Smith, supra; Evans v. Fisher, supra.*

And in *Cunningham v. Wells et al.,* 16 Mo. App. 78, it is held that a *nunc pro tunc* entry of the allowance of a bill of exceptions can not be made at a subsequent

term where no paper or memorandum in the cause shows the facts.

In *Dougherty v. The People*, 118 Ill. 160, it was said: "The amended record here affirmatively shows that this amendment to the bill of exceptions was made alone upon the testimony of witnesses as to their recollection of what evidence was given on the trial. If bills of exceptions may be thus amended, what is the limit of time? And may not the amendment itself, in like manner, be subsequently amended, thus leaving the matter of bills of exceptions to rest entirely in the frail, and, it might often be, corrupted, memory of witnesses? The common law rule in this respect is in force here, and under it no such amendment is admissible.

It was held by the Supreme Court of Mississippi, in *Bridges v. Kuykendall et al.*, 58 Miss. 828, that after a bill of exceptions had been signed and delivered by the judge, it is a part of the record of the case, and is not subject to amendment or alteration; that if it is wrong it must remain so, for there was no authority to correct it, either by that court or the judge who signed it.

A similar ruling was made by the Supreme Court of California in *People v. Romero*, 18 Cal. 89.

We have, however, been cited to a number of decisions of this court in which it is claimed, by counsel for defendant, a different rule is announced. We will take them up in the order in which they were decided.

In *DeKalb County v. Hixon*, 44 Mo. 341, the record showed a dismissal as to a certain defendant, but no final judgment, and a writ of *certiorari* in the cause showed that the judgment had been ordered, but the clerk had omitted to enter it of record, and it was ruled that the court below properly ordered its records amended *nunc pro tunc*, so as to show that final judgment had been rendered. The only question raised on the appeal was as to the jurisdiction of the court over

its records after the appeal had been granted, and upon that question it was held that notwithstanding the court had lost jurisdiction of the case by the appeal, it had not of its records.

In *Darrier v. Darrier*, 58 Mo. 222, the original bill of exceptions, filed at a former term, referred to a letter which had been read upon the trial of the cause, but which had not been copied into the record. And on motion to amend the original bill so as to include the letter it was admitted by defendant's counsel that the letter was actually offered in evidence, was placed, and still remained with the papers and files of the cause in the clerk's office. SHERWOOD, J., speaking for the court, said: "A bill of exceptions, when duly filed, constitutes a part of the record; and is consequently subject to 'the operation, in appropriate cases, of amendatory motions to the same extent and under the same restrictions as any other portion of the record; and this case is deemed one of that character, as there *was ample matter to amend by.*"

In *Hansbrough v. Fudge*, 80 Mo. 307, a *nunc pro tunc* entry correcting the record was made by the circuit court, and on appeal to the Supreme Court it was held that from the files of the court and entries there was ample foundation for the action of the court in making the entry. But the court said: "The doctrine of this court unquestionably is that you can not, without something of record to amend by, have an entry *nunc pro tunc.*"

In *State v. Howell*, 117 Mo. 310, the bill of exceptions had been changed with respect to some evidence after it had been signed and passed from the hands of the judge, and he corrected the same in accordance with the official stenographer's notes, which she was required by law to preserve, and such correction was approved by this court.

In *Baker v. Railroad*, 122 Mo. 533, it was stated in the original bill of exceptions that defendant prayed the court to give "the following instructions numbered 1 to 23, inclusive, in words and figures following." Those words were followed by twenty-two instructions. The bill then stated that the court gave those numbered from sixteen to twenty-three and refused the others. All of the instructions called for in the bill were copied into the record, except the twenty-third; they were all attached together in bunches, one bunch marked by the clerk "Defts. given," and "Defts. refused," and there was no instruction numbered 23 among them. The court below refused to correct the record on motion, upon the ground that it had no power to make the correction because there were no docket entries, minutes or papers from which the amendment could be made. The Supreme Court said: "The court was also in error in holding that there was nothing of record by which to make the amendment. It is the doctrine of this court that a *nunc pro tunc* amendment of the record can only be made where there is something of record to amend by, but the doctrine can have no application to a case like this. An inspection of the papers disclosed the fact that there was no such instruction as 23 given, and that a mistake had been made in writing out the skeleton bill of exceptions. The claim being made that some of the instructions had been lost or mislaid, proof could be made as in case of the destruction of any other record." That case we think not in point here, and in the other cases relied upon by defendant upon this question there was some record entry, or paper on file to amend by. Our attention has not been called to a single case in which a record was corrected by *nunc pro tunc* entry, by adding something to it, under such circumstances as are disclosed by the record in this case.

But it is argued that the defect in the original bill of exceptions is purely technical, involves a mere formal matter, and ought to be disregarded by this court under the undisputed facts in the case.

This may to some extent be true, but like any other matter of exception, unless made and saved, and it be shown by the record, the exception can not be considered by this court. Moreover, if a bill of exceptions can be amended by the testimony of witnesses after the term of court at which the case is tried, and the bill is signed by the judge and passes from his hands, how often may it be done, and when may not the right be exercised, at any time before the case is finally submitted? To allow the amendment to be made in this case under the circumstances disclosed by the record, or to treat it as so made, would be departing from a long established rule of this court and establishing a precedent that could but result in frequent applications to amend records by supplying defects in them from the memory of witnesses, as well as delays in the disposition of cases, which should not be encouraged.

As the only errors insisted upon for a reversal of the judgment are matter of exception, and they can not for reasons stated be reviewed by this court, the judgment must be affirmed. GANTT, P. J., and SHERWOOD, J., concur.

### IN BANC.

PER CURIAM.—This cause came to the Court *in banc* from Division Two after the foregoing opinion had been rendered by Judge BURGESS affirming the judgment of the trial court. The appeal has since been heard before the entire court. A majority of our number agree to an affirmance of the circuit judgment for the reasons given in said opinion, which is adopted

as the opinion of the Court *in banc*. Judgment affirmed, BARCLAY, C. J., and GANTT, MACFARLANE, BURGESS, ROBINSON and BRACE, JJ., concurring; and SHERWOOD, J., dissenting.