WILLIAM SCAGGS, Respondent, v. WESTERN HOME
TOWN MUTUAL FIRE INSURANCE COMPANY,
Appellant.

**St. Louis Court of Appeals, April 15, 1902.**

Practice, Appellate: MOTION FOR NEW TRIAL AND IN ARREST,
OUTSIDE OF BILL OF EXCEPTIONS. The motions for a new
trial and in arrest of judgment not being contained in the bill
of exceptions, and no exceptions having been made and saved to the
action of the circuit court thereon, and there being no error in the
record proper, the judgment must be affirmed.

Appeal from Stoddard Circuit Court.—*Hon. James L. Fort*,
Judge.

AFFIRMED.

*Milton & Goodwin* and *E. J. Williams* for appellant.

Appellant calls the attention of the court to the record
in this case and bill of exceptions, which will disclose the fact
that exceptions were taken to the court's ruling, both on the
motion for a new trial and in arrest of judgment. You will
find from the record that many objections were made to the
evidence and exceptions saved throughout the entire record.
Appellant has not been guilty of "palpable negligence," as we
remitted the clerk of your court the filing fee and supposed
the clerk of the circuit court of Stoddard county would pre-
pare the transcript and have it on file with the Court of Ap-
peals by at least the January term.

*Mozley & Wommack* for respondent.

(1)   Respondent respectfully urges that this appeal be
dismissed for the reason that appellant has wholly failed to

Scaggs v. Insurance Co.

comply with rule 15 of this court. Said rule provides: "Appellant or plaintiff in error shall file four copies of brief, containing, first, a clear and concise statement of the pleadings and facts shown by the record; second, an enumeration in numerical order, of the points or legal propositions made or relied on, with citation of authorities supporting each proposition." Rule 19 provides that the court may dismiss the appeal for failure to comply with rule 15, above set out. (2) In the case at bar appellant's statement does not even by remote intimation refer to either the petition or answer filed in the cause, nor does it contain a statement of the facts shown by the record. In the case of McCollum v. Ulen et al., this court held that failure to comply with said rule justified a dismissal of the appeal and we now respectfully invoke the rule there announced and ask that it be applied to the case at bar. McCollum v. Ulen et al., 87 Mo. App. 606.

GOODE, J.—This case is here on a complete transcript of the record; but the bill of exceptions apparently lacks the signature of the judge of the circuit court before whom the case was tried. Neither does it contain the motions for a new trial and in arrest of judgment, the rulings of the circuit court thereon, nor exceptions of the appellant to those rulings. Said motions are contained in the transcript outside the bill of exceptions with recitals below them that they were heard, considered and overruled.

Respondent makes the point that no exceptions were saved to the rulings; and it is worth while to say in this connection, that while the transcript of the record is typewritten there are no exceptions noted to the overruling of those motions in the typewritten matter, but below the recitals of the rulings in each instance appears a pencil memorandum: "to which ruling defendant duly excepted," and through the pencil memorandum a pencil line is drawn as if to erase it.

We would be disposed to look into the state of this record

carefully, if the motions were contained in the bill of exceptions together with the recitals in regard to the rulings on them; but inasmuch as they are outside the bill of exceptions, of course no exceptions are shown to have been saved to the action of the circuit court thereon, and as there is no error in the record proper, the judgment must be affirmed. Ross v. Railway, 141 Mo. 390. All concur.