CARP, Appellant, v. THE HAMBURG-BREMEN FIRE INSURANCE COMPANY OF HAMBURG, GERMANY, Respondent.

**St. Louis Court of Appeals, May 24, 1904.**

1. **AMENDMENTS: Bill of Exceptions: Documentary Evidence.** Under section 866, Revised Statutes of 1899, as amended by act of 1903 (Laws of 1903, page 105), documentary evidence need not be copied into a bill of exceptions, where it is properly identified and deposited with the clerk and the bill of exceptions contains a direction to the clerk to copy such evidence, but where such documentary evidence, though identified by the clerk, was not deposited with him, it could not, after the expiration of the term and the time for filing the bill of exceptions, on motion to amend, by order of the trial court, be incorporated in the bill.

2. ———: ———: ———. After the expiration of the term at which the case is tried, without an order extending the time, the trial court has no power to amend a bill of exceptions.

Appeal from Greene Circuit Court.—*Hon. J. T. Neville,* Judge.

AFFIRMED.

*McNatt & McNatt* and *H. H. Bloss* for appellant.

*Barger & Hicks* and *Edward J. White* for respondent.

(1) The action of the trial court in ordering the filing of an amended or supplemental bill of exceptions in this case, since the continuance of the cause, on the first setting in this court, is without authority, under the practice either at common law, or under the statute. The alleged amendment was not authorized, independently of the statute. Saxton v. Smith, 50 Mo. 490;

State v. Brennan, 164 Mo. 505; State v. McAfee, 148 Mo. 377; Ellis v. School District, 89 Mo. App. 262. (2) The amendment of the bill was not authorized by the statute. R. S. 1879, sec. 3776.

REYBURN, J.—The petition in this proceeding decláred on a policy of insurance issued by defendant September 7, 1901, in the sum of one thousand dollars, insuring for one year plaintiff's stock of miscellaneous merchandise which was destroyed by fire in the city of Aurora shortly after midnight, January 29, 1902. The statement of the cause of action set forth substantially the contract of insurance evidenced by the policy, an unverified copy of which accompanied the pleading, the original being alleged to be on file as part of a pleading in the circuit court of Lawrence county where this action originated. In its defense defendant filed a general denial, and its answer proceeded to traverse specifically the loss to the extent alleged in the petition, $12,000·; and next quoted the arbitration agreement in terms of the policy at length and charged a difference between plaintiff and defendant as to the amount of the loss, the execution of a written agreement by the opposite parties to submit to two appraisers, who should select a competent disinterested umpire, the question of the amount of the loss and damage by fire as provided by the policy, the selection by each of such appraiser, and that the amount of such loss had never been determined by award of the appraisers as provided by the policy, and that such determination or award was a condition precedent to the right of plaintiff to institute or maintain any action upon the policy. The answer further embraced a plea of false statement of the loss; invalidating the policy by its express conditions, and the charge against plaintiff that he caused the fire to defraud defendant, and finally closed with averments of violations by plaintiff of covenants and warranties to take com-

plete inventories of stock on hand at least once a year, to keep a set of books and to preserve them in a fire-proof safe. The reply was a general denial.

At the conclusion of the evidence introduced by both parties, the defendant tendered, and the court gave an instruction to the effect that under the law and the evidence the defendant was not liable; whereupon the plaintiff took a nonsuit and the motion to set it aside being unavailing. has appealed to this court, the original bill of exceptions having been filed October 5, 1903.

Prior to the call of the case for hearing in this court, respondent filed a motion to affirm the judgment, relying upon the grounds that there was nothing in the abstract of appellant to show any bill of exceptions had been filed to bring into the record or preserve the matters of evidence, which appellant purported to set out in the abstract of record filed; and when reached on the docket the cause was continued with leave to appellant to make application to the circuit court to amend the bill of exceptions.    From the motion of plaintiff filed in the trial court and the order of such court in response thereto, the state of facts disclosed and now presented appears to be that material matters of evidence, later enumerated, were actually offered in evidence at the trial but were not deposited with the clerk as left on file prior to the motion to amend the bill of exceptions by having them copied therein, but, upon such motion, were identified and tendered as the exhibits and matters offered at the trial excepting only the correspondence between the arbitrators and the arbitration agreement offered in evidence, which were in possession of defendant, and demand for which had been made by plaintiff prior to such motion to amend, for the purpose of likewise tendering them. The instrument, exhibits and documentary testimony referred to, embraced the policy of insurance, the invoice books of January, 1902, and of the preceding year, the daily sales book kept at time of the fire, the arbitration agree-

ment, the correspondence between the arbitrators, the answer of defendant in another action, the notice served on plaintiff requiring the production of books and papers, the evidence of sundry witnesses contained in the bill of exceptions in the suit of the same plaintiff against the Queen Insurance Company. and the testimony of plaintiff and his brother read from the bill of exceptions in that case. The order of the trial court, made in acting upon the motion, required the defendant to file the documentary evidence mentioned in its possession and that all of such exhibits and documentary evidence be copied into the bill of exceptions, making them part of such bill as so amended. The action of the lower court in the order made, endeavoring to permit the filing of an amended or supplemental bill of exceptions, is without any known precedent and is devoid of lawful authority to justify it. To warrant the amendment or supplementing of the record of the court after the lapse of the regular term by an order in the nature of a *nunc pro tunc* entry, some record entry must be found in the minutes of the court as the foundation for such order, and the record itself must disclose facts warranting the invocation and exercise of such extraordinary power. Elliott, Appellate Procedure, section 209. "The question of the power and authority of a circuit court to correct its record by *nunc pro tunc* entries has been many times before this court, and the rule announced seems to be that in order to justify it in so doing, the record must in some way show, either from the judge's minutes, the clerk's entries, or some paper in the cause, the facts authorizing such entries." Ross v. Railway, 141 Mo. 390. By the amendatory act of February 23, 1903, that section of the statutes designated as number 866 was broadened so that after the Laws of 1903 went into effect (June 21, 1903), it became no longer essential to actually copy into or set forth in the bill of exceptions any pleading, motion, instruction or record entry in the case, or any written or

printed matter offered in evidence upon the trial, properly identified and deposited with the clerk to remain in his custody until after the determination of the cause in the appellate court, provided the bill of exceptions contained a direction to the clerk to copy them and they were so copied into the record sent up to the appellate court. Laws 1903, p. 105. The great convenience and purpose attained by this act are apparent and, in effect, it merely legalized the general practice usually adopted in framing bills of exceptions, with the condition and requirement added, that such documentary evidence properly identified, until after the determination of the cause in the upper court, should abide in the charge of the clerk of the lower court. The call for such documentary evidence in the bill of exceptions could not constitute it part of the record under the statute unless its conditions were met and complied with by proper identification and lodging with the clerk until the decision of the appellate court had been had, which confessedly was not done. In failing to file with the clerk of the trial court the exhibits called for in the bill, the appellant can not invoke the shelter of the statute, the terms of which he has violated. The perfecting of the bill attempted therefore can not be countenanced under the provisions of the recent statute, for the conditions annexed therein were not performed and the omitted evidence can not be properly brought into the record by resort thereto. The purpose of the motion addressed to the trial court and sought to be upheld and effected by it, was not to amend or correct the record by making it conform to facts as they in truth existed, but to supplement and perfect the defective and imperfect preservation of testimony, and to inject and make such omitted testimony part of the record in the appellate tribunal, and that such effort transcends the authority of the trial court after the term has expired, is manifest and requires no demonstration. In the absence of express power reserved and withheld pending the term, the authority of

the court below to sign a bill of exceptions if then first presented or to amend or vary a bill of exceptions on file must necessarily be restricted to the term itself and after its expiration, the authority of the trial court likewise, with the exception noted, necessarily must be terminated. The ruling of the most eminent tribunal of America has been reiterated in support of such principle. "After the term has expired, without the court's control over the case being reserved by standing rule or special order, and especially after a writ of error has been entered in this court, all authority of the court below to allow a bill of exceptions then first presented, or to alter or amend a bill of exceptions already allowed and filed, is at an end." Michigan, etc., Bank v. Eldred, 143 U. S. 293.

The evidence thus withdrawn from our consideration is so material that, no error being suggested in the record proper, the judgment must be affirmed. *Bland, P. J.,* and *Goode, J.,* concur.