SILEX SAVINGS BANK, Plaintiff, v. E. P. ELLIS (Defendant), Appellant, and J. H. McCRAVEY (Defendant), Respondent.

St. Louis Court of Appeals, January 9, 1912.

1. **APPELLATE PRACTICE: Review: Bill of Interpleader.** A bill of interpleader, being an equitable proceeding, is triable *de novo* on appeal, and if the judgment is for the right party, it will be affirmed, regardless of the theory followed by the trial court in arriving at it.

2. **CONTRACTS: Performance: Sufficiency of Evidence.** In an action for money deposited by defendant for his performance of a contract for the purchase of land, which provided that the deposit should be refunded in the event he was unable to secure a loan of "eastern money" on the land, after making a faithful effort to obtain the same, evidence *held* to show that defendant made a "faithful effort" to secure an "eastern loan" as contemplated by the contract, and hence he was entitled to a return of the deposit.

3. ————: ————: Construction: "Faithful Effort to Secure Loan." A "faithful effort" to secure a loan, within a contract providing that money deposited for the performance of an agreement for the purchase of land should be returned to the depositor, in the event he was unable to secure a loan on the land after making a faithful effort to obtain the same, means such an effort as the depositor, with his experience and limitations, was capable of and could reasonably be expected to make under the circumstances, assuming he was reasonably desirous of consummating the purchase.

4. COSTS: Retaxation After Lapse of Judgment Term. Where a motion for a new trial is still pending, a motion to retax an item of costs may be acted upon at a term subsequent to the judgment term, despite the rule that the court cannot alter a judgment after the term at which it was rendered has lapsed, for the pendency of a motion for a new trial carries the entire case over.

5. ————: Retaxation: Correction of Judgment. The object of a motion to tax against the adverse party an item of costs, which the court by its judgment had taxed against movant, is to have the court reconsider its judgment and make a different award, and by sustaining the motion, the court did, in effect, correct its judgment in that respect.

Appeal from Lincoln Circuit Court.—*Hon. James D. Barnett*, Judge.

AFFIRMED.

*Wm. A. Dudley* for appellant.

(1) The contract was perfectly good under the Statute of Frauds. Bollinger v. McDowell, 99 Mo. 632; Means v. Lavergne, 50 Mo. 343; Sutherland v. Holmes, 78 Mo. 399; Long v. Wagoner, 47 Mo. 177; Norfleet v. Russell, 64 Mo. 176; Howe v. Williams, 51 Mo. 252; Johnson v. Fecht, 185 Mo. 343; Hammond v. Johnson, 93 Mo. 198; Naylor v. Chinn, 82 Mo. App. 160. (2) The fact that the case is one of equitable cognizance does not convert the contract into a mere matter of good intentions as assumed by the court. If McCravey made no reasonable effort to get the loan,

which he clearly did not, his bona fides does not relieve him. He agreed to make a "faithful effort." He made practically none, applying only to a couple of local men, where he had no reasonable grounds to expect that he could secure the loan. He refused to go any further. "Never intended" to. (3) McCravey notified appellant that he would not perform the contract. In fact, at the trial he placed his refusal on the sole ground that he could not get an eastern loan. No tender of a deed was necessary. Drechman v. Drechman, 49 Mo. 107; Mastin v. Grimes, 88 Mo. 478; Lanyon v. Chesney, 186 Mo. 540; McKnight v. Watkins, 6 Mo. App. 118; Kingsland v. Iron Co., 29 Mo. App. 526; Black v. Crowther, 74 Mo. App. 480. (4) The provision is liquidated damages and little at that for a $12,000 deal. Morse v. Rathburn, 42 Mo. 594; Tinkham v. Satori, 44 Mo. App. 659; Lime and Cement Co. v. Stone Co., 158 Mo. 281. (5) The judgment controls liability for costs and the court erred in taxing the costs on motion contrary to the provisions of the judgment. Mann v. Warner, 22 Mo. App. 577; Little v. Trust Co., 146 Mo. App. 588.

*R. H. Norton* and *Avery, Young & Killam* for respondent.

The contract was violative of our Statute of Frauds in that it does not sufficiently describe the land mentioned in the contract. Watts v. Thompson, 22 Mo. App. 564; Beckmann v. Mefam, 97 Mo. App. 161; Weil v. Willard, 55 Mo. App. 376; Johnson v. Fecht, 185 Mo. App. 344; Mudd v. Dillon, 166 Mo. 110; Cass County v. Oldham, 75 Mo. 50; Ringer v. Holtzclaw, 112 Mo. 523; Fox v. Courtney, 111 Mo. 150; Mason v. Small, 130 Mo. App. 249.

CAULFIELD, J.—The Silex Savings Bank instituted this suit by filing a bill of interpleader against

the defendants and on leave paid into court $275 which was the amount in its hands as stakeholder, $300, less twenty-five dollars allowed it for counsel fees. An order was made requiring appellant Ellis and respondent McCravey to interplead, which they did. A trial being had, the court, having heard the evidence, made and entered its decree, adjudging and decreeing that respondent was entitled to the fund in dispute and ordering that the clerk pay it over to him, less one-half of the cost accrued on the original bill of interpleader including the allowance to the bank for attorney's fees, the decree providing that said one-half of such costs be allowed and taxed against respondent and the other half and all other costs against appellant. At the same term and on the same day that said decree was made, appellant filed his motion for a new trial, and respondent filed his motion praying that the twenty-five dollar attorney fee allowed to the bank be allowed and taxed as costs against appellant alone. Both of said motions were continued to the next regular term of court. At such next term respondent's motion to allow and tax the bank's attorney's fee to appellant alone was sustained. Afterwards appellant's motion for a new trial was overruled and he perfected and has prosecuted his appeal to this court. It is admitted that the money about which the controversy arose, three hundred dollars, was deposited with the bank by respondent to secure the performance by him of his agreement to purchase 182.80 acres of land from appellant, which purchase was to be consummated on or before November 18, 1908. If respondent failed or refused to perform such agreement, the bank was authorized to surrender the money deposited with it to appellant. It was an express condition of the agreement, however, that should respondent "be unable to secure an eastern loan of $9000 on above 182.80 acres and 108.66 acres owned by himself after faithful ef-

fort to obtain the same," the bank should refund to him his three hundred dollars. It is conceded that appellant was ready, able and willing and offered to convey as provided in the contract, but respondent, having failed to secure the eastern loan, could not pay the purchase price. Much is said in the arguments and brief as to the validity of the contract under the Statute of Frauds. Appellant assumes, though we discover no reasonable basis in the record for the assumption, that the trial court decided for respondent because it believed the description in the contract insufficient under the Statute of Frauds. Whether it did so or not is immaterial here. This is strictly an equitable proceeding where the appellate court tries the case upon the whole evidence *de novo* and will affirm the judgment, if for the right party, regardless of the theory of the trial court in arriving at it. [Smelting Works v. Lead Works, 102 Mo. App. 158, 76 S. W. 668.] It seems to us that the justice of the judgment depends upon whether respondent made a faithful effort "to secure an eastern loan of $9,000" upon the security of the 182.80 acres he was about to acquire from appellant and the 108.66 acres he already owned. If he did and failed, then by the express terms of the contract he was entitled to have his money refunded to him and the judgment of the court was right. All the evidence bearing on respondent's efforts to secure an eastern loan is contained in his own testimony. It appears that Silex, a town of some 275 inhabitants, is respondent's "home town" and the lands upon which the loan was to be obtained are in its vicinity. Respondent, who is a farmer, untrained in other businesses, testified that only two men that he knew of in Silex represented eastern lenders of money—Mr. Walter Williams and Mr. Richard Dwyer. Williams was cashier of one of the two banks at Silex and had told respondent he represented two eastern loan companies, "reliable, good companies," and Dwyer had said

he represented eastern money. Before making the contract he had spoken to Williams about getting the loan and Williams had encouraged him in the belief that he could get it and it was on account of this encouragement he made the agreement. This was what he meant in the contract when he referred to an eastern loan. After the contract was made, Williams informed him he could not make the loan; that his company would lend only fifty per cent of the value of land. Respondent then went to Dwyer, who said he thought he could get the money, but later Dwyer said he had been mistaken as to the land, that he could not get the loan on the land offered. Respondent then appealed for the loan to three other men in Silex all of whom he was informed were "money men" but none of whom would make the loan. One of these was president of the other bank in town. Respondent testified, on cross-examination, that he had not sought representatives of eastern lenders in other towns in the county because he thought that if the men at Silex who knew land values, etc., in the vicinity could not get the loan, no one could. "I didn't want to go any further than my own town; I thought if they couldn't secure it the other men couldn't, because they claim all the companies lend only fifty per cent." His testimony tends to prove that the loan sought would have been in excess of fifty per cent of the value of the land offered as security.

We are of the opinion that respondent made a "faithful effort" to secure the eastern loan within the meaning of his agreement. A "faithful effort" as contemplated by this contract could mean nothing more than such effort as respondent with his experience and limitations was capable of and could reasonably be expected to make under the circumstances, assuming that he was reasonably desirous of consummating the purchase of appellant's land. Now it is apparent, and appellant appears to concede, that re-

spondent made a faithful effort to secure the loan at Silex, having applied to the men representing eastern capital there, but appellant insists he should have gone to other towns seeking the money. We do not agree with him in this respect. To have gone elsewhere under the circumstances would have been extraordinary and unreasonable. The agents at Silex, who appear to have been substantial and honorable business men, were acquainted with the lands and their values and operated in that vicinity. They rejected the application for the loan, not because their principals lacked the money or were undesirious of lending it, but because their principals demanded that they loan not exceeding fifty per cent of the value of the lands loaned on in that county and the lands offered in this case were not of sufficient value to justify a loan of $9,000 on that basis. Respondent was informed that that was the rule of all eastern money lenders as to that county. His testimony tends to prove that the agents' ideas of the value of the lands he was offering as security were correct. Now it was against reason for him to suppose he could get the loan elsewhere under the circumstances. He would not only presumably be forced to deal with men not so well acquainted with him and the lands offered by him as security, but he would be confronted with the same fifty per cent rule which had already caused two of his applications to be rejected. It may be said to be significant in this respect that appellant made no effort to prove that any eastern money lender or its agent would have made the particular loan in question. We are of the opinion that the judgment was for the right party.

Defendant assigns as error the action of the trial court in sustaining respondent's motion that the bank's attorney's fee be allowed and taxed as costs against appellant alone. We see no merit in this assignment. The plain object and effect of this motion

162 App.—26

was to have the trial court reconsider its judgment and make a different award thereon, and by sustaining the motion the court in effect did correct its judgment in that respect. [Mann v. Warner, 22 Mo. App. 577.] Now it is true that if the term at which the cause was finally determined had lapsed the court could not thereafter have so corrected or changed its judgment. [Mann v. Warner, supra.]   But in this case a motion for a new trial was pending and had not been acted on when the court sustained the motion and therefore the whole matter remained in the breast of the court (Walter v. Scofield, 167 Mo. 537, 67 S. W. 276), and it had power to correct its judgment in the manner complained of. · [Mann. v. Warner, supra.]

The judgment is affirmed.  *Reynolds, P. J.,* and *Nortoni, J.,* concur.