STATE ex rel. HARRY P. LYNCH, Relator, v. WILSON A. TAYLOR, Judge, Respondent.

St. Louis Court of Appeals. Argued and Submitted April 23, 1914. Opinion Filed May 5, 1914.

1. PROHIBITION: Conclusiveness of Return. Where a motion is made for a peremptory writ of prohibition, notwithstanding the return, the averments of the return are to be taken as true.

2. ———: Scope. It is beyond the province of a superior court, in a prohibition proceeding, to direct the inferior court as to what action it shall take, since such court has the right to act on such matter, even erroneously, provided it has jurisdiction to act at all.

3. APPELLATE PRACTICE: Proceedings in Trial Court: Presumption of Regularity. Where the trial court acts or purposes to act on a motion at a term subsequent to the one at which it was filed, the appellate court, in the absence of anything appearing to the contrary, will presume that the motion was properly continued to such term.

4. EVIDENCE: Judicial Notice: Terms of Court. Appellate courts take judicial notice of the beginning of a term of a trial court, and if the record of that court shows that it held a session of that term at a later date, the appellate court may assume that it was in session on intermediate days.

5. NEW TRIAL: Motion to Vacate Order: Time of Filing. A motion for a new trial must be filed within four days after the trial, and cannot, after that time, be amended, but motions to set aside an order sustaining or overruling a motion for a new trial may be filed at any time during the term at which the order is made.

State ex rel. v. Taylor.

6. **JUSTICES' COURTS: Motion to Set Aside Affirmance of Judgment: Time for Filing.** A motion to set aside an order of the circuit court affirming a justice's judgment may be filed at any time during the term at which the order is made and may be carried over to a subsequent term, and until it is acted on, the cause is within the breast of the court.

7. ———: ———: ———. Where a motion to set aside an order of the circuit court affirming a justice's judgment was overruled at a subsequent term, to which the motion was continued, the act of the circuit court in permitting another motion to set aside the order of affirmance to be filed at such subsequent term and in ruling thereon, was within its jurisdiction.

8. **PROHIBITION: Time for Issuing Writ.** The office of prohibition is to halt a court in the improper assumption of jurisdiction and an application for the writ is not premature because made before the inferior court has acted.

Prohibition.    Original Proceeding.

PEREMPTORY WRIT REFUSED.

*Taylor R. Young* for relator.

(1) In the first place, it must be remembered that this is *not a default judgment.* In contemplation of law Harkins was in court at the time the judgment of the justice was affirmed. Sec. 7568, R. S. 1907. For this reason, the section of the statute upon which the respondent relies has absolutely no application. Sec. 2102, R. S. 1909, has application only to judgments by default. Blunt v. Railroad, 55 Mo. 157; Rice v. Railroad, 30 Mo. App. 110; Eubank v. Pope, 27 Mo. App. 463; Meyer v. Ins. Co., 92 Mo. App. 398. (2) It is law in this State that an appeal from an order setting aside a default judgment will not lie. Breed v. Hobart, 187 Mo. 140; Crossland v. Admire, 118 Mo. 87; Buissere v. Sayman, 257 Mo. 303. (3) It has been held that an order of court, in rendering a judgment, and incorporated therein, giving the judgment debtor the right to move to set it aside at a subsequent term,

is void. Hill v. St. Louis, 20 Mo. 584. In construing section 2273, R. S. 1909, to be mandatory, the courts have even held that even though the petition upon which the judgment is bottomed fails to state a cause of action, the trial court may not, even during the term, sustain a motion in arrest of judgment where the judgment of the justice was affirmed. Horn v. Excelsior Springs Company, 52 Mo. App. 553; Holloman v. Railroad, 92 Mo. 284; Davis v. Miller, 35 Mo. App. 253; Wolff v. Coffin, 46 Mo. App. 190. That said Sec. 2273, R. S. 1909, is mandatory, see Martin v. White, 11 Mo. 214; Star v. Stewart, 18 Mo. 410; Milligan v. Dunn, 19 Mo. 643; Gullett v. Swinney, 61 Mo. App. 226; Holloman v. Railway, supra. (4) That the trial court has no jurisdiction to entertain the motion in question, see the following authorities: Danforth v. Lowe, 53 Mo. 217; Childs v. Railroad, 117 Mo. 414; Smith v. Best, 42 Mo. 185; State ex rel. Hay v. Harper, 56 Mo. App. 611; Orvis v. Elliott, 65 Mo. App. 96; Rumsey Mfg. Co. v. Baker, 35 Mo. App. 217; Hall v. Lane, 123 Mo. 633; Bloss v. Tacke, 59 Mo. 174; Jameson v. Kinsey, 85 Mo. App. 301; Baden v. Jones, 119 Mo. App. 690; State ex rel. v. Riley, 219 Mo. 690; Brewing Co. v. Hogg, 141 Mo. App. 396; Warren v. Manwaring, 173 Mo. 38.

*Falkenhainer, Rudolph & Davis* for respondent.

(1) Relator, defendant in the original action, has a right to appeal and have his contentions reviewed, in the event that respondent sustains the motion to set aside the affirmance of judgment of justice of the peace. Bussiere v. Sayman, 257 Mo. 303; Kidder v. Wright, 72 Mo. App. 378. (2) The continuance of the motion to set aside the affirmance of the judgment from the December to February term operated to carry the whole cause into the February term. Childs v. Railroad, 117 Mo. 428; Memphis v. Brown, 94 U. S.

715; Amy v. Watertown, 130 U. S. 301; Baker v. Baker, 51 Wis. 538; Windett v. Hamilton, 52 Ill. 180; Harkness, v. Jarvis, 182 Mo. 239.

REYNOLDS, P. J.—On application of Harry P. Lynch, an alternative writ of prohibition issued out of this court, addressed to the Honorable Wilson A. Taylor, one of the judges of the circuit court of the city of St. Louis, presiding in division number 7 thereof, commanding him, pending the determination of the cause in our court on the application for prohibition, that he proceed no further with and take no further steps in the case then pending in his court in which one J. R. Harkins, doing business under the style and firm name of J. R. Harkins Agency Company, is plaintiff and the above named Harry P. Lynch is defendant, being cause No. 85469, pending in division number 7 of that court, as it is said, and that he should show cause, if any he has, why he should not be absolutely prohibited from further proceeding in that cause.

It is set out in the alternative writ issued out of our court that it appears that Judge Taylor had permitted to be filed, or refiled, a motion to set aside a certain judgment rendered by him in that cause at the December, 1913, term of the court, this or a substitute motion having been refiled, subsequent to the term at which that judgment was rendered, and that Judge Taylor now has the latter motion under submission for determination, and proposes to pass upon it. Attached to the alternative writ and made a part thereof is the petition upon which the writ was issued. From this it appears that in a certain action by the above-named J. R. Harkins, doing business under the style and firm name of J. R. Harkins Agency Company, instituted by him against Harry P. Lynch before a justice of the peace of the city of St. Louis, judgment went against plaintiff on his demand and in favor of

defendant, relator here, on his counterclaim. From
that plaintiff appealed to the circuit court, giving the
required bond. · Thereafter and on the 16th of Decem-
ber, and at the December, 1913, term of the circuit
court, the cause on appeal from the justice having
been assigned to division number 7, was docketed for
trial on the 16th of December, 1913. On that day, the
cause being called for trial, plaintiff failed to appear
and prosecute his appeal, whereupon the circuit court
entered up judgment affirming· that of the justice.
Thereafter on the 12th of January, 1914, and during
the December term of the court at which the judgment
of the justice had been affirmed, plaintiff in the cause
filed his motion to set aside the affirmance of the judg-
ment of the justice. This motion went over to the
February, 1914, term.

On the 6th of March, 1914, and during the Feb-
ruary term, defendant filed affidavits in opposition to
the motion to set aside the affirmance of the judgment
of the justice. Plaintiff filed no affidavits in support
of his motion and thereafter on the 16th of March, and
during the February, 1914, term of the court, plain-
tiff's motion was overruled.

Ten days thereafter, to-wit, on the 26th of March,
but during the same February term of the court, plain-
tiff in the cause was granted three days within which
to refile a motion to set aside the judgment of affirm-
ance of the justice. In the meantime execution had is-
sued on the judgment.

Afterwards, and on the 27th of March, still during
the February, 1914, term of the court, plaintiff, under
the leave as above, filed this, a second motion, verified
by him, to set aside the affirmance of the judgment
of the justice. Along with this motion plaintiff filed
his affidavit to the effect that he has a just and lawful ·
claim against H. P. Lynch for the sum of $238.75 on
an account, of which a copy, containing 290 items, it
is affirmed is attached, and that he owed defendant

nothing. Upon the filing of this motion, the court recalled the execution. This motion was not acted upon at the February term of court and went over to the April term.

It is averred in the petition for the writ that when this last motion to set aside the order affirming the judgment of the justice came up, evidently in the April term, the honorable circuit judge had stated in open court "that he would sustain said motion so filed by plaintiff, J. R. Harkins, on the 27th of March, 1914, (if he could)."

On being served with the alternative writ, the Honorable Wilson A. Taylor made his return, in which he specifically denied the allegation last above set out, averring that "at no time did he say that he would sustain said motion so filed by plaintiff, J. R. Harkins, on the 27th of March, 1914 (if he could), but that what respondent did say was 'that as there had never been any adjudication of plaintiff's right on the merits, the motion to set aside the default ought to be sustained provided the respondent was justified in sustaining said motion under the law.'" The respondent further suggests in his return "that the application made by relator for a writ of prohibition herein was prematurely made, in that the respondent at no time stated, or otherwise indicated to relator that he would sustain said motion so filed by plaintiff, J. R. Harkins, on the 27th day of March, 1914, and that respondent does not now know what action will be taken by himself as the presiding judge of division number 7 of the circuit court, in the event that he is permitted to further hear and pass upon said motion." The return is verified by the circuit judge.

It was conceded at the hearing of argument on the case that the return sets up a true version of what the respondent had said. Whether conceded or not, as there is no denial of the return but practically a motion

for a peremptory writ, notwithstanding the return, the averments of the return are to be taken as true.

Some criticism is made as to the first motion being vague and the second being on new and other grounds. That, we think, is a matter for the consideration of the trial court. He gave leave to file a new motion; if the motion filed was not within the leave granted, it was, and yet is, a matter for his own judicial determination. He has not yet acted on it. We cannot say what his action will be. It would be beyond our province, in this proceeding, to direct him as to what action he should take. He has a right to act on it, even to act wrongly, if it is within his judicial power to act on the motion at all.

There is but one question necessary for our determination; that is, has the circuit court jurisdiction over the cause by reason of the pendency of the motion of the plaintiff in the cause to set aside the judgment affirming the judgment of the justice? The other question, whether on the action by the court on that motion, sustaining or overruling it, either party can appeal, is not necessarily here involved and we decline to consider it.

We have, in setting out the facts, said that we assume that the original motion to vacate the judgment of affirmance, filed at the term at which that judgment was rendered, had been continued from term to term and is now pending in the present, the April term of the court, if that term is still open. This, on the authority of Harkness v. Jarvis, 182 Mo. 231, 81 S. W. 446, and Meyer v. Meyer, 158 Mo. App. 299, 1. c. 305, 138 S. W. 70. That is the effect even of the decisions cited by counsel for relator, namely, Phillipi v. McLean, 5 Mo. App. 587, and Stocke v. Albert, 8 Mo. App. 577, in each case this court holding that the fact that the trial court had passed upon motions at a term subsequent to that at which they were filed, raised the

presumption that the cause had been carried over to that term by proper continuances.

We also remark, in passing, that appellate courts take judicial notice of the beginning of the several terms of the trial courts. If from the record it appears that the court was in session of that term at a later day, the appellate court may assume that it was in session on intermediate dates. [ Ray County Savings Bank v. Hutton, 224 Mo. 42, 123 S. W. 47; Nickey v. Leader, 235 Mo. 30, 138 S. W. 18; Walker v. Fritz, 166 Mo. App. 317, l. c. 319, 148 S. W. 991.]

We make both of the above remarks because it is not recited in the petition for the writ, in so many words, that the motions had been continued from term to term; we assume, from the fact that the court acted, or proposes to act, on them at subsequent terms, that they were properly continued, nothing to the contrary appearing.

Counsel for relator refer us to the Phillipi and Stocke cases, supra, saying of them, that they "are the only decisions in this State or elsewhere that (he has) been able to find that actually decide (where the point was raised) that the proposed action of the trial court in this case is beyond its jurisdiction." Neither of these cases are reported in full but are to be found in the appendixes of the volumes referred to. Turning to the opinions on file we find in Phillipi v. McLean, supra, the judgment was rendered on the 13th of March, that being in the February term of the circuit court of the city of St. Louis. On March 16, motions for new trial and in arrest were filed by defendant. They were not passed upon until the April term, at which term they were overruled. At the same April term and three days after the above action, defendant filed, as our court said, "what is called a motion for rehearing of the motion for a new trial." This latter "so-called" motion for rehearing was sustained at a subsequent term and a new trial granted. On this

new trial judgment was rendered and a motion for a new trial being filed, was overruled and an appeal taken at a subsequent term to that at which the judgment was rendered. It was complained in our court that the appeal thus taken was taken too late, as the judgment term had passed. "But," says our court, "the record shows that, in both instances, the motions for a new trial were by the court passed upon at a subsequent term to that at which the judgments were rendered, thus showing that the court had continued and held under advisement the motions for new trial. This being so, there is nothing in the point, as the defendant below could not take his appeal until the motion for new trial was disposed of. The motion for rehearing of the motion for new trial could not continue the case, as no such motion is recognized in proper practice; and the respondent's point would be well taken, if, after the motion for new trial had been overruled at one term, an attempt had been made to continue the case to the next term, by reason of the pendency of a so-called motion for rehearing of the motion for new trial."

In Stocke v. Albert, supra, it was likewise contended by plaintiff, who was the respondent, that the appeal had been taken too late. Said our court: "It appears that what is called 'a motion for rehearing of the motion for a new trial,' was filed and while this was pending, the order of the court below overruling the motion for new trial was set aside and the motion for new trial reinstated on the docket and the case continued. The so-called motion for rehearing was indeed a sham motion—as such a motion is, thus applied, a motion for a rehearing of a motion for a rehearing —and might have been stricken from the files. Such a motion cannot take a case over from term to term. But here the court, doubtless for good reasons, set aside the order overruling the motion for new trial,

and the appeal was taken at the term at which the motion for new trial was finally overruled.''

We do not think that the consideration of either of these cases lends support to the contention of the learned counsel for relator in the case before us; in fact, as before said, we think they are against him. He was doubtless misled by the very insufficient digest of this particular point in the appendix.

Nor are we here dealing with a ''sham motion.'' As will be seen in the cases hereafter referred to, motions to vacate orders on motions, substituted motions of like character, are recognized as valid motions. This does not apply to motions for new trial, which must be filed within four days after the trial and cannot, after that time, be amended (Mt. Vernon Bank v. Porter, 148 Mo. 176, l. c. 183, 49 S. W. 982), although motions to set aside the order sustaining or overruling them may be filed, if filed at the term at which action was had on the motion. [See cases following.]

It will be observed that the first motion to set aside the order affirming the judgment of the justice is not, technically, a motion for a new trial. Unlike a motion for a new trial, it may be filed at any time during the term at which the judgment was rendered, and when filed, whether then argued and submitted, may be carried over to a subsequent term and then acted upon, and that until it is acted upon the cause is within the jurisdiction—in the breast—of the court. [Harkness v. Jarvis, supra.] Overlooking this very vital fact, the learned counsel for the relator has fallen into his error. While that counsel admits that the motion suspended the judgment and carried that suspension over to the term at which the motion was disposed of, he claims that the motion being disposed of, the judgment *eo instante* became of effect and dated back to the date of the term of its original rendition, that is the December, 1913, term, and was not thereafter subject to any attack. It is true that when the

motion for a new trial has been overruled the judgment or decree takes effect as of the date of its entry or rendition. It dates from then, as a lien, or for casting interest and perhaps for other purposes, but not for all purposes. Thus, section 2040, R. S. 1909, provides: "No appeal shall be allowed unless: First, it be made during the term at which the judgment or decision appealed from was rendered." But a new trial or other motion attacking that judgment and continued to subsequent terms, carries the cause over and the appeal cannot properly be taken until these motions are disposed of. Even then the amount of bond, if one is required, is fixed, the bill of exceptions signed and filed—unless time for doing the latter is extended—not at the term at which the judgment was rendered, but at the term when the cause is finally disposed of. It has been held that even an order granting an appeal may be set aside during the term at which it was rendered. All of which means that carrying over the motions does more than merely suspend the judgment. It holds the cause itself within the jurisdiction of the court. As long as that is the fact, it is within the power of the court to make any lawful orders in the cause which it sees proper. It could, at the same term at which it had overruled the motion to set aside the judgment affirming that of the justice, on motion made at that term to vacate this, have continued the cause to a subsequent term. When it did that, the cause could not be said to have been finally disposed of, was not out of the jurisdiction of the court, until it had acted on the motion, up to that time pending and under advisement.

That is what was done here; the court, continuing the motion, continued the cause and retained jurisdiction thereof. Power to do so is apparently incontestable under the decisions of our courts. That is the rule to be deduced from Harkness v. Jarvis, supra, and Bank v. Hutton, supra. Until the court has disposed

of this motion, the cause cannot be said to be "finally determined." If the argument that when the motion for a new trial, or to vacate a judgment, is overruled, the judgment before entered, *eo instante* takes effect as of the date of that judgment, then the appeal is not taken "during the term at which the judgment or decision appealed from was rendered." Beyond doubt plaintiff, when his motion was overruled, could, at that term have taken an appeal, filed his exceptions. Why? Because the cause was still within the jurisdiction of the court.

In Chandler v. Gloyd, 217 Mo. 394, 116 S. W. 1073, passing not only upon the effect of a motion for new trial, but also on the ·effect of a motion to vacate an order granting a new trial, the court, as we think, recognized the principle upon which the rule rests as to all motions, when it said· (l. c. 403.) :

"And until a final hearing and disposition of the motion," (that is, the motion to vacate the order sustaining the motion for a new trial) "the whole matter would unquestionably rest in the breast of the court, and it would be competent for it, in its discretion, for good cause to sustain the motion and award a new trial. Until this result is reached, it cannot be said that the cause is finally determined." Citing a number of cases, the court continues in Chandler v. Gloyd (l. c. 404) : "The reasoning upon which those cases must stand is, that the filing of the motion for new trial at the term at which the judgment was rendered and its continuance to a subsequent term by the court kept the matters of exception in the breast of the court, and when the court finally disposed of the motion for new trial, the party whose motion for new trial was overruled could then file his bill of exceptions and preserve the same, although taken at a prior term, and could then appeal from the action of the court for the reason that until the motion for new trial was determined, the judgment was not a final one from which an

appeal could be taken. . . . It must also be accepted as settled law that during the term at which any order or judgment of the court is entered, the court has the power to set the same aside, either upon the motion of a party thereto, or upon its own motion. But the contention of the defendants is that while this may be true as to a motion for new trial, it is not so as to the plaintiff's motions to set aside the order granting a new trial although entered at a term of the court at which the court clearly had the right to set aside its order granting a new trial. And that when the court continued the motion to set aside the order granting the new trial it did not affect the duty of the plaintiff to take his appeal from the order granting the new trial.'' The court disposed of this contention adversely, holding: ''The ground upon which a motion for new trial may be continued to a subsequent term, is, that the court has retained its juridsiction of the cause and has not lost it by the continuance. But if the court can retain its jurisdiction by continuing it and can legally pass upon it at a subsequent term, then it also had jurisdiction of the cause until the adjournment of that term, and may also during that term set aside its order sustaining it, or continue that motion until the next term. While courts of last resort have held otherwise, we are unable to appreciate the distinction thus drawn. The reason given that a party may thus delay the final disposition of the cause, can be obviated by the court, by disposing of it at the term, but if the court is of the opinion that it deserves careful consideration and sufficient time does not remain at that term, we cannot see how the jurisdiction of the cause is lost, and this after all, is the question presented.'' It is to be noted that learned counsel for relator here urges this very same argument of delay.

In Ewart v. Peniston, 233 Mo. 695, 136 S. W. 422, our Supreme Court even appears to go to the length of holding that a motion for a new trial filed, or even

a suggestion made, by a stranger to the record, which was in the nature of an attack upon a judgment rendered, was of such a character as to retain the cause within the jurisdiction of the court, Judge GRAVES, who wrote the opinion, saying that even without that motion, the cause being continued to another term, the court of its own motion could set aside any order which it had made during the term to which the cause had been carried by the continuance.

That is the case here. These authorities are so conclusive of the question here involved, and they but repeat a rule recognized and announced in a multitude of cases, that we think it unnecessary to go into that question any further.

It is set out in the return that this proceeding is premature. We do not think so. The office of the writ of prohibition is to halt a court in the improper assumption of jurisdiction. [23 Am. & Eng. Ency. of Law (2 Ed.), Subdivision II, p. 195.] That is here sought, it being claimed that the respondent is assuming jurisdiction where none exists. It is not necessary to wait until action has taken place. The very object is to stop action.

The preliminary rule heretofore issued is vacated, the respondent discharged from that rule, and a peremptory writ of prohibition is denied. *Nortoni* and *Allen, JJ.,* concur.