**MOSS et al. v. KANSAS CITY LIFE INS. CO. et al.**

**No. 10881.**

Circuit Court of Appeals, Eighth Circuit.

April 9, 1938.

Kent V. Gay, of St. Louis, Mo., for appellants.

Fred L. English, of St. Louis, Mo. (Frank W. McAllister and Stanley Bassett, both of Kansas City, Mo., and Fred L. Williams and Earl F. Nelson, both of St. Louis, Mo., on the brief), for appellee Kansas City Life Ins. Co.

Frank P. Aschemeyer, of St. Louis, Mo. (James P. Aylward, of Kansas City, Mo., and James A. Waechter, of St. Louis, Mo., on the brief), for appellee R. Emmet O'Malley.

Before STONE, WOODROUGH, and VAN VALKENBURGH, Circuit Judges.

STONE, Circuit Judge.

This is an action in equity brought by various nonresident policyholders of the Continental Life Insurance Company (a Missouri corporation) against that company, the Kansas City Life Insurance Company, R. Emmet O'Malley, superintendent of the insurance department of the state of Missouri, and the officers and directors of the Continental Life Insurance Company. An outline of the petition is as follows: That defendant R. Emmet O'Malley heretofore petitioned the circuit court for the city of St. Louis, Mo., for authority to take over the assets and business of said Continental Life Insurance Company for the reason that said company was insolvent; that to substantiate his allegations of insolvency and to secure control of and possession of the business and assets of the Continental Life Insurance Company, said O'Malley, as such superintendent, knowingly and willfully represented to the circuit court for the city of St. Louis that the value of the assets of said company was much less than their true value, and knowingly and willfully represented to said court that the liabilities of that company were much greater than its actual liabilities; that such misrepresentation was for the purpose of retaining possession of and control of the assets and business of said Continental Life Insurance Company and for the further purpose of assigning and transferring said assets and business to defendant Kansas City Life Insurance Company; that defendant Kansas City Life Insurance Company had knowledge of above misrepresentations; and that thereafter defendant O'Malley transferred and assigned all of the assets and business of said Continental Life Insurance Company to defendant Kansas City Life Insurance Company, except the sum of $225,000, which sum was retained by said O'Malley. The prayer was for a receiver, an accounting, and that upon final determination of the cause the assets and business of the Continental Life Insurance Company be returned to it, and that that company be reorganized under the orders of the court.

Upon motion of plaintiffs, dismissal was had as to the officers and directors of the Continental. The three remaining defendants, specially appearing, filed separate motions to quash service. A common ground stated in each motion was lack of venue because the only named resident defendant was the Continental and it had been dissolved by a decree in the state court before this action was brought. Another ground stated in the motion by O'Malley was that the suit against him was purely in his capacity as a state official and, therefore, was a suit against the state of Missouri without its consent.

The trial court sustained the motions to quash, and, plaintiffs standing upon the service, the cause was dismissed without prejudice. From that decree, plaintiffs appeal.

### Motion to Dismiss Appeal.

Before we can enter upon consideration of the merits of this appeal, we must determine a joint motion of O'Malley and the Kansas City Life Insurance Company to dismiss the appeal as being out of time. The record upon this matter is as follows. Appellees O'Malley and Kansas City Life Insurance Company filed their separate motions to quash which were sustained on October 28, 1936. On November 24, 1936, the Continental filed a motion to quash service upon it on the ground that it had been dissolved. This motion was sustained on January 6, 1937. On February 9, 1937, the cause was dismissed. On February 10, 1937, this appeal was allowed from the order of dismissal.

The ground stated in the motion is that the order of October 28, 1936, sustaining the motions of these two appellees was a final appealable order and no appeal therefrom was allowed within three months thereafter.

In Rosenberg Bros. & Co., Inc., v. Curtis Brown Co., 260 U.S. 516, 517, 43 S.Ct. 170, 67 L.Ed. 372, it was squarely

held that an order quashing service on the defendant was a final appealable order. Also see Goldey v. Morning News, 156 U.S. 518, 15 S.Ct. 559, 39 L.Ed. 517.[1] In The Pesaro, 255 U.S. 216, 217, 41 S.Ct. 308, 65 L.Ed. 592, is a similar holding in an admiralty case involving libel of a vessel where it was held that an order for the release of the vessel because the property of a foreign nation was appealable. Apparently, the basis of these rulings is that the jurisdiction to render judgment against the defendant is a character of question which possesses finality for appeal purposes.

However, in each of these three cases the orders covered the only defendant or the only libeled vessel, so that the result was that there could never be any recovery against anyone if the order quashing service stood. Here, the order quashing service as to O'Malley and the Kansas City Life Insurance Company did not dispose of all of the defendants but left the Continental Life Insurance Company—its motion not being filed until later and not sustained until January 6, 1937. Were it not for this situation, the above cases would govern and this appeal would be dismissed. It remains to consider whether these cases govern in this situation.

■ The broad general rule as to finality of orders, decrees, or judgments (absent specific statutory provisions, such as section 227, title 28, U.S.C.A.) is that a case cannot be reviewed "in fragments" but that the order, decree, or judgment must be "not only final, but complete." Collins v. Miller, 252 U.S. 364, 370, 40 S.Ct. 347, 349, 64 L.Ed. 616; Arnold v. United States, 263 U.S. 427, 434, 44 S.Ct. 144, 147, 68 L.Ed. 371; and see Berman v. United States, 302 U.S. 211, 58 S.Ct. 164, 82 L. Ed. ——, decided December 6, 1937. This means that such order, decree, or judgment "should be final not only as to all the parties, but as to the whole subject-matter and as to all the causes of action involved." 252 U.S. 364, at page 370, 40 S.Ct. 347, 349, 64 L.Ed. 616. As to finality in so far as it affects the parties to an action—as distinguished from subject matter—the just stated rule has been applied where a demurrer was sustained as to one of several defendants (Mendenhall v. Hall, 134 U.S. 559, 10 S.Ct. 616, 33 L. Ed. 1012; Electric Protection Co. v. American Bank Protection Co., 8 Cir., 184 F. 916, 924; Lockhart v. New York Life Ins. Co., 4 Cir., 71 F.2d 684; Bush v. Leach, 2 Cir., 22 F.2d 296; Hewitt v. Chas. R. McCormick Lumber Co., 2 Cir., 22 F.2d 925; Herrup v. Stoneham, 2 Cir., 15 F.2d 49), and where there has been involuntary dismissal as to one of several parties (Hohorst v. Hamburg-American Packet Co., 148 U.S. 262, 13 S.Ct. 590, 37 L.Ed. 443, and see Oneida Navigation Corporation v. W. & S. Job & Co., 252 U.S. 521, 40 S.Ct. 357, 64 L.Ed. 697).

A case somewhat analogous to the one here is Shaw v. Quincy Mining Co., 145 U.S. 444, 12 S.Ct. 935, 36 L.Ed. 768, as explained in Hohorst v. Hamburg-American Packet Co., 148 U.S. 262, at page 266, 13 S.Ct. 590, 37 L.Ed. 443. The Shaw Case was a mandamus proceeding to direct the Circuit Court to take jurisdiction over the Quincy Mining Company after the Circuit Court had set aside the service on that company. The company was one of several defendants in the suit. The Supreme Court retained jurisdiction and determined the question, which was whether the company was a resident within the district where the action was brought so as to be subject to service therein. In the Hohorst Case (at page 266 of 148 U.S., 13 S.Ct. 590, 591, 37 L.Ed. 443), speaking of the Shaw Case, the court said: "The ground on which our jurisdiction was invoked was the inadequacy of any other remedy, and it was argued that, as the cause could proceed as to the other defendants, no final judgment could be entered upon the order of the circuit court, and no appeal taken therefrom."

■ Considering the rules announced in the above cases, it would seem that the application of the above rule announced in the Rosenberg, Pesaro and Goldey Cases should be limited to cases in which

---

[1] Conley v. Mathieson Alkali Works, 190 U.S. 406, 23 S.Ct. 728, 47 L.Ed. 1113, involved the sole question of sufficiency of service on the only defendant but it is not clear from the opinion whether the writ of error was from an order quashing service or from a dismissal of the case. Lamb v. Cramer, 285 U.S. 217, 52 S.Ct. 315, 76 L.Ed. 715, and Geer v. Mathieson Alkali Works, 190 U.S. 428, 23 S.Ct. 807, 47 L.Ed. 1122, were, apparently, appeals from single decrees which included both quashing of service and dismissal of the suit.

the void service of process attaches to all of the defendants. So construed, the rule is harmonious with the broad general rule that for an order, decree, or judgment to be final for appeal purposes such must completely dispose of the action. Berman v. United States, 302 U.S. 211, 58 S.Ct. 164, 82 L.Ed. ——, decided December 6, 1937.[1]

It is true here that the quashing of service as to O'Malley and the Kansas City Life Insurance Company upon the ground stated in the opinion sustaining the motions would naturally result in a similar ruling as to the Continental, but no such ruling had been made as to that company and it was still a party defendant in court. Until the case was disposed of as to it there was lacking that "complete" disposition as to all parties required to present an appealable order. In Heike v. United States, 217 U.S. 423, 430, 30 S.Ct. 539, 541, 54 L.Ed. 821, the court said: "It is true that, in a certain sense, an order concerning a controlling question of law made in a case is, as to that question, final. Many interlocutory rulings and orders effectually dispose of some matters in controversy, but that is not the test of finality for the purposes of appeal or writ of error. The purpose of the statute is to give a review in one proceeding after final judgment of matters in controversy in any given case. Any contrary construction of the court of appeals act may involve the necessity of examining successive appeals or writs of error in the same case, instead of awaiting, as has been the practice since the beginning of the government, for one review after a final judgment, disposing of all controversies in that case between the parties." The motion must be denied

### Merits.

The bases of the trial court's action on the motions appear in an opinion and are as follows: (1) That a decree had been entered in the state court dissolving the Continental Life Insurance Company and, therefore, it was not an existing corporate entity; (2) as to O'Malley, that the action was against the state. Without dispute, O'Malley and the Kansas City Life Insurance Company are nonresidents of the district of suit and the Continental is or was a resident therein.

On the merits, counsel argue three points here, as follows: (1) Whether the Continental was a dissolved corporation at the time this suit was filed; (2) whether the Continental was a proper party defendant; (3) whether this action is, as to O'Malley, a suit against the state of Missouri.

### (1) Dissolution of the Continental.

The undisputed facts are as follows. Acting under state statutes, O'Malley, as superintendent, instituted an action in the state court against the Continental resulting in a decree finding insolvency of that company and danger from its further operation. As a result of such findings, the decree permanently enjoined the company, its officers and agents from prosecution of its business and from interfering with the "possession, control, administration and disposition of the assets of defendant company by plaintiff as Superintendent of the Insurance Department." Also, the decree adjudged title in the superintendent and directed him to take possession and to administer under the orders of the court. The purpose of the above action and decree was the rehabilitation of the company. An appeal from this decree to the Supreme Court of the state was dismissed for failure properly to perfect the appeal and that decree became final.

Something more than two years later (July 25, 1936), the matter came before the court upon opposing motions "to terminate the orders of rehabilitation heretofore entered." Determining that a continuation of the orders of rehabilitation would be futile and would be hazardous, the court "terminated" such orders and directed the superintendent "to settle and wind up the affairs" of the company. The court further, in the decree, determined "that defendant Continental Life Insurance Company is dissolved and its corporate charter annulled." It is this decree of dissolution which is here involved.

No question is raised as to the sufficiency of this decree to work a dissolution of the corporation if the decree was final when this action began. The contention here arises from the situation that a motion for new trial and a motion in arrest of judgment were pending when this action was filed and yet are. Appellants

---

[1] Thompson v. Murphy, 93 F.2d 38, we think is not to the contrary since in that case no joint liability was asserted and the orders appealed from completely determined the rights in the suit of the parties appealing as to a separable matter.

contend that such motions suspend the effect of the decree; that, until the motions are disposed of, the decree is not final; and that, until it is final, the corporation cannot be regarded as dissolved.

Obviously, the effect of the pendency of these motions upon the finality of the decree is, primarily, a matter to be determined by the law of Missouri as contained in its statutes and judicial decisions. However, that does not necessarily mean that if the decree is suspended, as appellants contend, yet that the Continental is a corporation for purposes of suit in a federal court.

First. As to the effect upon the decree of the motions for new trial and in arrest. In examination of this matter, consideration will be first of the effect generally, under the Missouri decisions, of the pendency of such motions; and, second, the effect of the Missouri statutes governing the dissolution of domestic insurance companies.

The Missouri courts state that the practice of entering judgment before disposition of motion for new trial is erroneous but they recognize such practice as being common and, accepting this situation, determine the effects of pendency of such motions upon a judgment so entered. Stith v. J. J. Newberry Co., 336 Mo. 467, 494, 79 S.W.2d 447, 461; Romaine v. Haag, Mo.Sup.1915, 178 S.W. 147, 151; Cramer v. Barmon, 193 Mo. 327, 329, 91 S.W. 1038, 1039; Ex parte Craig, 130 Mo. 590, 595, 32 S.W. 1121, 1123; State ex rel. Wabash R. R. Co. v. Ryan, 115 Mo. App. 414, 422, 90 S.W. 418, 420. The purpose of this untimely entry of judgment or decree is to prevent the party cast thereby from defeating the judgment or decree by disposing of his property in the period between the verdict or announcement and the entry of such after action on the motions (Cramer v. Barmon, 193 Mo. 327, 329, 91 S.W. 1038); and such entry is treated as a "mere irregularity" (Stith v. J. J. Newberry Co., 336 Mo. 467, 496, 79 S.W.2d 447, 461).

The results of this conflict between theory and practice are that such prior entered judgments or decrees are regarded as in suspension for some purposes and not for others. Thus there is suspension for purposes of appeal (Boyd v. Logan Jones Dry Goods Co., 335 Mo. 947, 950, 74 S.W. 2d 598, 600; Stephens v. D. M. Oberman Mfg. Co., 334 Mo. 1078, 1082, 70 S.W.2d 899, 902; Stevens v. D. M. Oberman Mfg. Co., 229 Mo.App. 627, 79 S.W.2d 516; Cox. v. Frank L. Schaab Stove & Furn. Co., 332 Mo. 492, 497, 58 S.W.2d 700, 701; Id., Mo.App., 67 S.W.2d 790; Doerschuk v. Locke, 330 Mo. 819, 824, 51 S.W.2d 62, 64; State ex rel. May Dept. Store Co. v. Haid, 327 Mo. 567, 589, 38 S.W.2d 44, 55; Romaine v. Haag, Mo.Sup., 1915, 178 S.W. 147, 151), for modification of the judgment (Herrmann v. Kaiser, Mo.App., 1935, 85 S.W.2d 928, 935; Montz v. Moran, 263 Mo. 252, 257, 172 S.W. 613, 614; Guinan v. Donnell, 201 Mo. 173, 208, 98 S.W. 478, 486; McGurry v. Wall, 122 Mo. 614, 619, 27 S.W. 327, 329; Ricketts v. Finkelston, Mo.App., 1919, 211 S.W. 391, 401; Silex Savings Bank v. Ellis, 162 Mo.App. 395, 402, 142 S.W. 796, 797), for extending time for bill of exceptions (Givens v. Van Studdiford, 86 Mo. 149, 154, 56 Am.Rep. 421; Henze v. Railway Co., 71 Mo. 636, 644; Gray v. Parker, 38 Mo. 160, 164; Riddlesbarger v. McDaniel, 38 Mo. 138, 140; State ex rel. Lynch v. Taylor, 1914, 183 Mo.App. 441, 166 S.W. 1071, 1074), for keeping case open for further orders therein (Boyer v. Mo. Pac. R. R. Co., Mo. Sup., 1927, 293 S.W. 386, 387).

Such entry is not suspended and may be effective for the purpose of execution (Stid v. Railroad Co., 211 Mo. 411, 417, 109 S.W. 663, 665; Ex parte Craig, 130 Mo. 590, 594–595, 32 S.W. 1121, 1122), for purpose of judgment lien (Sterling v. Parker-Washington Co., 185 Mo.App. 192, 209, 170 S.W. 1156, 1159; State ex rel. Lynch v. Taylor, 1914, 183 Mo.App. 441, 166 S.W. 1071, 1074), for calculating interest upon the judgment or decree (State ex rel. Lynch v. Taylor, 1914, 183 Mo.App. 441, 166 S.W. 1071, 1074), for purpose of introduction of evidence and entry of different decree (Irwin v. Burgan, 325 Mo. 309, 319, 28 S.W.2d 1017, 1021), for purposes of revivor and merger (Sterling v. Parker-Washington Co., 185 Mo.App. 192, 208–210, 170 S.W. 1156, 1159).

The particular matter here involved has to do with status. There are two Missouri cases dealing with the effect upon status of a judgment or decree with motions for new trial and in arrest of judgment pending. One of these is Matlick v. Matlick, 212 Mo.App. 83, 251 S.W. 462. In this case, the husband died after decree of divorce to the wife and while his motions for new trial and in arrest were pending. The wife claimed a widow's

share in his estate and the question was whether she was his wife at the time of his death. The court held she was. The other is Scott v. Scott, 44 Mo.App. 600, 603, a divorce case. There is another case, In re Craig, 130 Mo. 590, 32 S.W. 1121, 1122, which involved a motion for rehearing in the Supreme Court but it is said in that case (130 Mo. 590, at page 594, 32 S.W. 1121, 1122) that such motion is "similar in principle to a motion for a new trial." That case was a habeas corpus proceeding for release of petitioner who had been committed for refusal to turn over a public office to a successful election contestant. The writ was denied on the reasoning that vacation of the office was in the nature of an execution of the judgment of ouster affirmed by the Supreme Court and the decision of the Supreme Court was not suspended merely because a petition for rehearing might be or was filed.

The above decisions justify the conclusion that the controlling motive therein (holding the judgment or decree effective for some purposes and not for other purposes) is justice to the parties in the various situations presented to the court.

While we have not found any Missouri decision dealing with the effect of a decree of dissolution of a domestic corporation pending motions for new trial or in arrest, it is reasonable to assume that such dissolution is not finally effective until such motions are acted upon. It remains to be seen whether this general situation is affected by the provisions of the Missouri statutes governing the dissolution of this particular kind (insurance companies) of corporations.

The pertinent statutory provisions are sections 5941 to 5959, inclusive, as amended by Session Laws of 1933–34, Ex.Sess., p. 65, Mo.St.Ann. §§ 5941–5959, p. 4530 et seq. and section 5965, Mo.St.Ann. § 5965, p. 4546. These statutes have in mind two results: Either the rehabilitation or the dissolution of distressed insurance corporations. The former is accomplished by a decree finding the company in a hazardous or insolvent condition, enjoining it from doing business, and directing the superintendent of insurance to proceed with the rehabilitation. "Upon the rendition of such an order," title and right to possession of all company books, records, property, and assets rests "immediately" in the superintendent who shall "forthwith proceed

to conduct the business of such insurance company and take all proper steps to remove the causes and conditions which have made such proceedings necessary." Section 5950, as amended by Session Laws 1933–34, Ex.Sess., p. 69, Mo.St.Ann. § 5950, p. 4535. Subject to the approval of the court, the superintendent may dispose of all property, may borrow upon security of the property, may execute in his own name (as superintendent) all conveyances and "may also in his own name as such superintendent, maintain and defend all actions in the courts of this or any other state or states of the United States relating to such company, its assets, business and liabilities" (same section).

At any time during such rehabilitation proceeding, the superintendent may, if he thinks further proceeding futile thereunder, apply to the court for an order to liquidate and wind up the company. If, after hearing, such order be made, the superintendent shall proceed so to do. In so doing he may "in his own name as such superintendent, maintain and defend all actions in the courts of this or any other state, or of the United States, relating to such company, its assets, liabilities and business." Section 5948, as amended by Session Laws 1933–34, Ex.Sess., p. 68, Mo. St.Ann. § 5948, p. 4535.

In section 5944, Mo.St.Ann. § 5944, p. 4532, it is provided that "The pleadings and proceedings, in so far as not otherwise regulated by this chapter, shall be as in other civil causes." As this chapter contains no regulation as to motions for new trial and in arrest, such motions are proper as within the "proceedings" authorized in civil cases. Rev.St.Mo.1929, § 1005, Mo.St.Ann. § 1005, p. 1272.

In section 5945, as amended by Laws Mo. Extra Session 1933–34, p. 67, Mo.St. Ann. § 5945, p. 4532, (referring to an injunction against further prosecution of business or judgment of dissolution), is the provision that "the court may render both such decree [of injunction] and judgment" of dissolution and continues "Such decree or judgment shall, for all purposes of an appeal, be considered a final judgment, and the defendant may appeal from the same as in other civil cases; provided, the appeal be prayed for and perfected within five days after such judgment, and that the bond shall be for such an amount as the court may fix; and provided, that no appeal nor supersedeas bond shall op-

erate as a dissolution of an injunction or judgment, if one has been issued." This language has no bearing on our immediate problem but has to do with finality "for all purposes of an appeal" and with the effect of supersedeas bond pending appeal.

From careful consideration of the above decisions of the Missouri courts as to the effect, generally, of pending motions for new trial and of arrest upon a judgment or decree and of the statutory provisions governing dissolution of domestic insurance companies, we deduce the conclusions following: That such effect depends upon the justice of the situation before the court for decision; that ordinarily the effect is to suspend finality of such decree or judgment unless justice demands otherwise; that·where such situation involves the legal status of a party or parties the usual rule applies unless justice requires the contrary; that there is no statutory provision governing dissolution of domestic insurance corporations which affects the situation. Applying these conclusions to the situation of· dissolution·of a domestic insurance company, we conclude that such a. corporation is not legally dissolved in Missouri until the motions for new trial and in·arrest filed to a judgment or decree of dissolution have been determined.

Also, we are led to this conclusion by the considerations following. First, it is the general rule in Missouri that a judgment or decree is not final until the motions are determined unless the particular situation involved requires a contrary view to prevent injustice. Second, there is no consideration of justice in the situation of a judgment or decree dissolving a corporation which requires that the corporation be held·dissolved thereby before determination of the motions. In fact, justice requires the contrary. When a corporation is dissolved, it is, absent statutory exceptions, for all purposes dead as a legal entity or personality. Chicago Title & Trust Co. v. Forty-One Thirty-Six Wilcox Building .Corporation, 302 U.S. 120, 124–125, 58 S.Ct. 125, 82 L.Ed. ——; Oklahoma Natural Gas Co. v. Oklahoma, 273 U.S. 257, 259, 47 S.Ct. 391, 392, 71 L.Ed. 634; Pendleton v. Russell, 144 U.S. 640, 644, 12 S.Ct. 743, 36 L.Ed. 574; First National Bank .v. Colby, 21 Wall. 609, 615, 22 L.Ed. 687; Mumma v. Potomac Co., 8 Pet. 281, 286, 8 L.Ed. 945; Standard Lumber Co. v. Interstate Trust Co., 5 Cir., 82 F.2d 346, 349, certiorari denied Interstate Trust & Banking Co. v. Standard Lumber Co., 299 U.S. 545, 57 S.Ct. 8, 81 L.Ed. 401; G. M. Standifer Constr. Corp. v. Commissioner, 9 Cir., 78 F.2d 285, 286; Buzard v. Helvering, 64 App.D.C. 268, 77 F.2d 391, 393. There are no such statutory exceptions in Missouri; no judicial method of reinstituting or· reinstating a dissolved domestic corporation; and the Legislature is denied the .power to pass special laws for such purposes. Mo.Const. art. 4, § 53(25); article 12, § 2. Therefore, since a Missouri court has the power to sustain a motion for new trial and set aside its order dissolving a corporation, it must follow that the corporation is not dissolved while such a motion is pending.

However, it does not necessarily follow that the Continental Life Insurance Company was legally capable of being a party to a suit in a federal court merely because the motions for new trial and in arrest filed to the decree of dissolution were pending at the time this action was filed and yet are. It is necessary to examine the exact legal status of the company at the time this action was filed.

On May 25, 1934, the state court, as a result of a hearing upon an application of the superintendent in accordance with the above statutes, entered a decree. Therein, the court found that the capital stock of the Continental was impaired; that the company was insolvent; and that further continuance of its business by it would be hazardous. On such findings, the court enjoined the company, its officers and agents from further prosecution of its business or from interference with the possession, control, administration, and disposition of .its assets by the superintendent; it decreed title to such assets to be in the superintendent for the benefit of interested persons; it required the superintendent to take immediate possession and control of· all assets, books, papers, and records of the company and to collect debts due the company; it further ordered "that plaintiff shall in his own name, as such Superintendent, maintain and·defend all actions in the courts of this or any other state, *or of the United States, relating to such company, its assets, liabilities and business*" (Italics inserted); it reserved power to control administration by the superintendent. From this decree, an appeal was taken to the Supreme Court of the state, which was dismissed. Thus,

the decree became final. During two years, the administration of the superintendent continued under the above decree and other orders (not set forth in the record here).

The superintendent filed a motion to terminate the orders of rehabilitation and to wind up the company. Issues were joined and a hearing thereon. On July 25, 1936, the court entered a decree finding that a "further continuation of the orders of rehabilitation heretofore entered * * * would be hazardous * * * and would be futile" and that the motion should be granted. Thereupon, the decree terminated the rehabilitation orders; ordered the superintendent "to settle and wind up the affairs" of the company; and decreed "that defendant Continental Life Insurance Company is dissolved and its corporate charter annulled." It is to this decree that the pending motions for new trial and in arrest were filed. All of the above proceedings were in accordance with the procedure required by the state statutes governing the rehabilitation and the dissolution of domestic insurance companies. The action now before us was filed September 10, 1936.

Thus, the status of the Continental at the time this suit was filed was as follows. For more than two years it and its affairs had been in control of the superintendent under a decree for rehabilitation in all respects final. Under that decree it and its officers and agents were enjoined from any company business and from interfering with the superintendent in his administration of the rehabilitation proceedings (including his representation of the company in controversies) and the superintendent was expressly ordered to "maintain and defend all actions" in all courts, including those "of the United States," in all matters "relating to such company, its assets, liabilities and business." Section 5948, as amended, Mo.St.Ann. § 5948, p. 4535. Under the statutes, Rev.St.Mo.1929, §§ 5941, 5945 and 5950, as amended by Session Laws 1933–34, Ex.Sess., pp. 66, 67 and 69, Mo.St.Ann. §§ 5941, 5945, 5950, pp. 4530, 4532, 4535, the court had the power to place the company in this situation. While this situation continued, the decree for winding up and dissolution was entered.

From what has been said in the preceding paragraph, it is clear that, when this action was filed, the superintendent was the only one who could "maintain or defend" actions involving the company and that the company, its officers and agents were enjoined against interference therewith. Also, while the decree of dissolution had not become final so that the company was legally dead, yet that decree had the effect of placing the company in a condition of suspended animation from which only sustaining the motions could release it.

We think a corporation which is enjoined by a final decree in a state court, acting within statutory authority, from defending actions against it "relating to such company, its assets, liabilities and business"; which can be so defended only by the superintendent "in his own name, as such Superintendent"; and against which has been entered a decree dissolving it and annulling its corporate charter, even though such decree be suspended as to finality by motions for new trial and in arrest, is not capable of being a party to an action in a federal court, while in that condition. As was well said by the trial court, a defendant in the federal courts must be "a real, actual, existing defendant, not a potential or possible defendant."

Since the Continental is the only named defendant within the jurisdiction of the trial court; since it has no legal capacity to be a defendant; and since service upon the other defendants depends upon the existence of the Continental as a defendant, the trial court correctly quashed service against such other defendants and, upon election of plaintiffs to stand upon such orders quashing service, rightly dismissed the action.

The above determination disposes of this appeal and makes unnecessary examination of the other issues presented here. We deem it proper to emphasize that the matters determined here and in the court below have to do solely with jurisdiction. That matter has nothing to do with the merits of the controversy presented in the petition of appellants. Also, we intimate no opinion either as to the jurisdiction of the state courts or of other United States courts where proper service upon appellees can be obtained or as to the power of a United States court (having jurisdiction of appellees) to accord relief to appellants. All of the above matters

116

are without the issues here and language in the opinion is limited to the issues now before us.

The decree should be, and is, affirmed.