ALICE BLAKE, INC., a Missouri Corporation, Plaintiff,

v.

Michael K. HOFFMAN and Elizabeth L. Hoffman, his wife, Defendants-Appellants,

and

Guy L. Smith, IV and Marjorie R. Smith, his wife, Defendants-Respondents.

No. 42868.

Missouri Court of Appeals, Eastern District, Division Three.

June 2, 1981.

Motion for Rehearing and/or Transfer to Supreme Court Denied July 10, 1981.

Application to Transfer Denied Sept. 8, 1981.

John Hilton, Clayton, for plaintiffs.

Nancy S. Everett, St. Louis, for defendants-appellants.

Arthur Slonim, Clayton, for defendants-respondents.

CRIST, Presiding Judge.

Petition in interpleader. Appeal from an order of summary judgment awarding the earnest money deposit of a residential real estate sales contract to defendants.

On May 2, 1979, Michael and Elizabeth Hoffman (hereinafter referred to as "sellers") entered into a listing agreement with Alice Blake, Inc. for residential real estate located at 6903 Pershing Avenue, University City, Missouri. On May 6, 1979, sellers entered a contract for the sale of the aforementioned property with Guy and Marjorie Smith (hereinafter referred to as "buyers") for $104,500.00. This amount included an initial earnest money deposit of $5,000.00 (hereinafter referred to as "deposit"). The deposit was paid to Alice Blake, Inc.

The sales contract contained a financing contingency provision providing as follows:

> This contract is contingent upon the availability to purchaser of financing, as set forth below, to be secured by deed or deeds of trust on said property. If commitment therefor be not obtained by 5:00 p.m. of May 30, 1979, this contract shall be null and void and earnest deposit returned to purchaser less any expense incurred by or in behalf of purchaser. Said financing being a Conventional loan secured by a First Deed of Trust with principal sum of $80,000.00. amortized in equal monthly installments of principal and interest over a period of 25 years. Interest rate to be as prevailing market rate but not to exceed 10% per annum. Any monthly mortgage insurance premiums are to be in addition to aforementioned interest. Purchaser to pay 1% loan service charge and initial mortgage insurance premium. Seller to pay ____ loan discount to lender. Loan to be arranged by purchaser, or Ira E. Berry, Inc. will be of assistance if requested.

Additionally, the contract stated as follows:

> Purchaser agrees to do all things necessary, including but not limited to the

execution of loan applications and other instruments, and to cooperate fully in order to obtain the financing necessary to complete this transaction. Existing loans, if any, to be paid off out of the proceeds of this sale, unless otherwise herein provided.

On June 1, 1979, buyers requested the return of the deposit based on their alleged inability to obtain financing. Sellers, on June 15, 1979, made a written request for the deposit. Alice Blake, Inc. filed a petition in interpleader on June 25, 1979. Answers, cross-claims and counter-claims were filed by buyers and sellers. On November 6, 1979, buyers filed a motion for summary judgment and an affidavit in support thereof. The trial court granted summary judgment in favor of buyers concluding that the contingency clause was not fulfilled by the date specifically set out in the contract entitling buyers to a refund of the deposit. Sellers appeal. We reverse and remand.

The court stated that "[s]ince there is no language in the contingency clause for financing relating to [buyers] obtaining financing 'with reasonable diligence' as alleged by [sellers], no issue of fact would be relevant regarding that allegation." We disagree. Summary judgment is a drastic remedy, appropriate only where there is no dispute as to any material fact. Rule 74.04. See, *Dunbar v. Allstate Ins. Co.*, 584 S.W.2d 123, 124 (Mo.App.1979); *66 Terminal, Inc. v. Roberts*, 448 S.W.2d 938, 939 (Mo.App.1969). The remedy of summary judgment is appropriate in cases premised upon a contract only where nothing more than mere examination of the document is required. See, *E. O. Dorsch Electric Co. v. Plaza Construction*, 413 S.W.2d 167, 172 (Mo.1967).

Under the terms of the contract buyers were required to exercise reasonable diligence in obtaining financing. Whether or not buyers used such diligence is a question of fact. *Rompadine, Inc. v. Executive International Inn, Inc.*, 556 S.W.2d 190, 191 (Mo.App.1977). It is a material fact because it is of such "legal probative force as would control or determine the result of the litigation." *State ex rel. McDonnell Doug-*

las Corp. v. Gaertner, 601 S.W.2d 295, 298 (Mo.App.1980). Herein, the evidence does not resolve the issue of whether buyers "[did] all things necessary" and "cooperate[d] fully" to obtain financing under the contract. See, *Silex Savings Bank v. Ellis*, 162 Mo.App. 395, 142 S.W.2d 796 [2] (1912). The mere fact that buyers made attempts to obtain financing is not sufficient evidence of due diligence to warrant an order of summary judgment. *Silex Savings Bank v. Ellis*, supra at 797. *Rompadine, Inc. v. Executive International Inn, Inc.*, supra at 191.

Summary judgment was not an appropriate remedy in this case. We do not intend by this opinion, however, to foreclose other issues joined by the pleadings and not at war with the holding in this case.

Summary judgment reversed and remanded.

REINHARD and SNYDER, JJ., concur.